## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

JANE DOE AC,

     Plaintiff,

-vs-

MICHIGAN STATE UNIVERSITY;
THE BOARD OF TRUSTEES OF
MICHIGAN STATE UNIVERSITY;
MSU SPORTSMEDICINE;
LAWRENCE G. NASSAR, D.O., individually
and in his official capacity; WILLIAM D.
STRAMPEL, D.O., individually and in his
official capacity; JEFFREY R. KOVAN, D.O.,
individually and in his official capacity;
LOU ANNA SIMON, individually and in her
official capacity,

     Defendants.

Case no. 18-cv-
Hon.

---

**COMPLAINT AND
JURY DEMAND**

---

_____/

DAVID Q. HOUBECK (P77002)
VANDEVEER GARZIA, P.C.
Attorney for Plaintiff
840 W. Long Lake Road
Suite 600
Troy, Michigan 48098
(248) 312-2800 – phone
(248) 879-0042 – fax
dhoubeck@vgpclaw.com

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, JANE DOE AC, by and through her attorneys, VANDEVEER GARZIA, P.C., and in support of her Complaint against the Defendants, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     This is a civil action for equitable, injunctive, declaratory, and monetary relief for injuries sustained by Plaintiff, JANE DOE AC, as a direct and proximate result of acts, omissions, and/or conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, LAWRENCE G. NASSAR, D.O., WILLIAM D. STRAMPEL, D.O., JEFFREY R. KOVAN, D.O., and LOU ANNA SIMON, and/or their employees, agents, and/or representatives, related to the sexual assault, battery, molestation, harassment, and discrimination of Plaintiff, JANE DOE AC, including when she was a minor child, on the campus of Defendant, MICHIGAN STATE UNIVERSITY, and the systematic failure, negligence, gross negligence, and deliberate indifference of the individuals and institutions of authority who knew or should have known of the ongoing pattern, practice, scheme, and/or conduct of sexual assault, battery, molestation, harassment, and discrimination, of young women, including minors, taking place on the campus of Defendant, MICHIGAN STATE UNIVERSITY, for nearly two decades.

2

2.      The name of Plaintiff, JANE DOE AC, has been withheld from this Complaint to protect her identity because the present claims relate to the sexual assault of Plaintiff, JANE DOE AC, which began when she was a minor child.

3.      Plaintiff, JANE DOE AC, will seek an appropriate Protective Order regarding the disclosure of the identity of JANE DOE AC.

4.      Plaintiff, JANE DOE AC, is an adult female, who is, and at all times pertinent hereto was, a resident of the County of Genesee, State of Michigan.

5.      Defendant, MICHIGAN STATE UNIVERSITY, is, and at all times pertinent hereto was, a state-owned and operated public university organized and existing under the Constitution of Michigan of 1963, Art. VIII, and the laws of the State of Michigan.

6.      Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, is, and all times pertinent hereto was, a body corporate with general supervision of Defendant, MICHIGAN STATE UNIVERSITY, and the control and direction of all expenditures from Defendant MICHIGAN STATE UNIVERSITY'S funds, organized and existing under the Constitution of Michigan of 1963, Art. VIII, § 5, and the laws of the State of Michigan.  As set forth on its website, "THE PEOPLE OF MICHIGAN, through the State Constitution, established the Michigan State University Board of Trustees to develop a free and distinguished University -- to promote the welfare of humanity through teaching,

3

research and service." See "Establishment of the Board of Trustees," msu.edu (April 3, 2018), *available at* https://trustees.msu.edu/about/establishment.html.

7. Upon information and belief, Defendant, MSU SportsMEDICINE, is, and at all times pertinent hereto was, a department of Defendant, MICHIGAN STATE UNIVERSITY, and/or an entity with its principal place of business on the campus of Defendant, MICHIGAN STATE UNIVERSITY, in the County of Ingham, State of Michigan.

8. Upon information and belief, Defendant, LAWRENCE G. NASSAR, is, and at all times pertinent hereto was, a resident of the County of Ingham, State of Michigan. Upon information and belief, Defendant NASSAR is currently incarcerated in federal prison in Tucson, Arizona. At all times pertinent hereto, Defendant NASSAR was an employee of Defendant, MICHIGAN STATE UNIVERSITY, and a Doctor of Osteopathic Medicine at Defendant, MSU SportsMEDICINE.

9. Upon information and belief, Defendant, WILLIAM D. STAMPEL, is, and at all times pertinent hereto was, a resident of the State of Michigan. Upon information and belief, at all times pertinent hereto, Defendant STRAMPEL was an employee of Defendant, MICHIGAN STATE UNIVERSITY, and the Dean of the College of Osteopathic Medicine at Defendant, MICHIGAN STATE UNIVERSITY. Defendant STRAMPEL's position as Dean was created by State

statute set forth in MCL 390.661, which requires that "[t]he dean shall be responsible for the development and maintenance of the school in osteopathic medicine." Upon information and belief, at all times pertinent hereto, Defendant STRAMPEL was in a supervisory position as it relates to Defendant NASSAR.

10. Upon information and belief, Defendant, JEFFREY R. KOVAN, is, and at all times pertinent hereto was, a resident of the State of Michigan. Upon information and belief, at all times pertinent hereto, Defendant KOVAN was an employee of Defendant, MICHIGAN STATE UNIVERSITY, and the Director of Defendant, MSU SportsMEDICINE. Upon information and belief, at all times pertinent hereto, Defendant KOVAN was in a supervisory position as it relates to Defendant NASSAR.

11. Upon information and belief, Defendant, LOU ANNA SIMON, is, and at all times pertinent hereto was, a resident of the State of Michigan. Upon information and belief, Defendant SIMON was the President of Defendant, MICHIGAN STATE UNIVERSITY, from June 8, 2004 to January 24, 2018, including at all times pertinent hereto. Upon information and belief, Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, appointed and/or elected Defendant SIMON as President pursuant to the Constitution of Michigan of 1963, Art. VIII, § 5, and the laws of the State of Michigan. Upon

information and belief, at all times pertinent hereto, Defendant SIMON was in a supervisory position as it relates to Defendant NASSAR.

12.    This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, federal question jurisdiction, as this is a civil action arising under the Constitution, laws, or treaties of the United States.

13.    Specifically, the Plaintiff, JANE DOE AC, brings claims arising under the 14th Amendment to the United States Constitution, as well as under Title IX of the Education Act of 1972, 20 U.S.C. §§ 1681–1688, and 42 U.S.C. § 1983.

14.    Further, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1343, which grants this Court original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]"  See 28 U.S.C. § 1343(a)(3).

15.    This Court has supplemental jurisdiction over the pendant State law claims set forth herein pursuant to 28 U.S.C. § 1367(a).

16.    The amount in controversy exceeds $75,000.

17.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the events or omissions giving rise to the claims occurred in this judicial district as set forth herein, in the County of Ingham, State of Michigan.

18.    Plaintiff, JANE DOE AC, filed a NOTICE OF INTENT TO FILE CLAIM PURSUANT TO MCL 600.6431 on February 28, 2018.

## GENERAL ALLEGATIONS

19.    Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 18, as though fully set forth herein.

20.    At all times pertinent hereto, Defendant NASSAR maintained an office on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

21.    At all times pertinent hereto, Defendant NASSAR was an employee, representative, and/or agent of Defendant, MICHIGAN STATE UNIVERSITY, acting under the control and supervision of Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON.

22.    Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, prominently sets forth its supervisory role in the governance of Defendant, MICHIGAN STATE UNIVERSITY, on its website, as follows: "To meet the directives, the Constitution grants the Board general supervision of the institution, **including control and direction of all its expenditures and final**

7

**authority in its government.**" See "Establishment of the Board of Trustees," msu.edu (April 3, 2018), *available at* https://trustees.msu.edu/about/establishment.html (emphasis added).

23. Ultimately, "the directives call for a commitment to excellence." *Id*.

24. Further, its website explains that "[t]he Board delegates responsibility to the University's president, and through the president to officers and the faculty, and delegates appropriate authority and jurisdiction over matters for which they are held accountable by the Board." *Id*.

25. Upon information and belief, at all times pertinent hereto, Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, was in a supervisory position as it relates to Defendant NASSAR.

26. Upon information and belief, at all times pertinent hereto, Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, had "control and direction" and "final authority" over the supervision, training, oversight, investigation, discipline, employment decisions, and retention related to Defendant NASSAR.

27. Upon information and belief, Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, delegated supervisory authority and responsibility to Defendants, LOU ANNA SIMON, WILLIAM D. STAMPEL, and JEFFREY R. KOVAN, over the supervision, training, oversight,

investigation, discipline, employment decisions, and retention related to Defendant NASSAR.

28.  Upon information and belief, Defendants, SIMON, STRAMPEL, and KOVAN actually had control, supervisory authority, and responsibility over the supervision, training, oversight, investigation, discipline, employment decisions, and retention related to Defendant NASSAR.

29.  At all times pertinent hereto, Defendant NASSAR held himself out to the public as and/or was acting within the scope of his employment, agency, and/or representation with Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, and MSU SportsMEDICINE.

30.  At all times pertinent hereto, Defendant NASSAR was acting with the express and/or implicit consent of Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON.

31.  At all times pertinent hereto, Defendant NASSAR maintained an office and practiced osteopathic medicine at Defendant, MSU SportsMEDICINE, on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

32.  At all times pertinent hereto, Defendant NASSAR was not a doctor of obstetrics or gynecology.

33.     Plaintiff, JANE DOE AC, was a patient of Defendant NASSAR from 2007 to November of 2015.

34.     Starting at a young age, Plaintiff, JANE DOE AC, was a competitive figure skater.

35.     At the age of 15, Plaintiff, JANE DOE AC, presented for the first time to Defendant NASSAR on the campus of Defendant, MICHIGAN STATE UNIVERSITY, for medical treatment related to a stress fracture in her low-mid back.

36.     It had been represented to Plaintiff, JANE DOE AC, that Defendant NASSAR was the preeminent sports medicine physician in the area.

37.     Upon information and belief, at the direction of Defendant NASSAR, the staff at Defendants, MICHIGAN STATE UNIVERSITY and/or MSU SportsMEDICINE, advised Plaintiff, JANE DOE AC, to wear baggy, loose-fitting clothing to her appointments with Defendant NASSAR.

38.     Under the guise of medical treatment, Defendant NASSAR sexually assaulted, battered, molested, harassed, stalked, and terrorized Plaintiff, JANE DOE AC, on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

39.     At the offices of Defendant, MSU SportsMEDICINE, and on the campus of Defendant, MICHIGAN STATE UNIVERSITY, Defendant NASSAR touched, grabbed, massaged, and fondled Plaintiff JANE DOE AC's breasts with

his bare hands over her clothes without notice, permission, or consent, including when she was a minor child, under the guise of medical treatment.

40.    At the offices of Defendant, MSU SportsMEDICINE, and on the campus of Defendant, MICHIGAN STATE UNIVERSITY, Defendant NASSAR touched, grabbed, massaged, and fondled Plaintiff JANE DOE AC's breasts with his bare hands under her bra without notice, permission, or consent, including when she was a minor child, under the guise of medical treatment.

41.    At the offices of Defendant, MSU SportsMEDICINE, and on the campus of Defendant, MICHIGAN STATE UNIVERSITY, Defendant NASSAR touched, prodded, and contacted Plaintiff JANE DOE AC's pelvic area with his bare hands without notice, permission, or consent, including when she was a minor child, under the guise of medical treatment.

42.    At the offices of Defendant, MSU SportsMEDICINE, and on the campus of Defendant, MICHIGAN STATE UNIVERSITY, while Plaintiff, JANE DOE AC, was lying on her stomach on an examination table, Defendant NASSAR digitally penetrated Plaintiff JANE DOE AC's vagina with at least two fingers without notice, permission, or consent, including when she was a minor child, under the guise of medical treatment.

43.    On the first occasion, Defendant NASSAR wore gloves and used lubricant.

44.     On every occasion thereafter, Defendant NASSAR did not wear gloves.

45.     On several occasions, Defendant NASSAR's conduct caused Plaintiff, JANE DOE AC, to experience vaginal spotting.

46.     On at least one occasion, Defendant NASSAR'S conduct caused Plaintiff, JANE DOE AC, to experience bleeding from her vagina.

47.     Defendant NASSAR's conduct often started with a gratuitous back massage, also performed without notice, permission, or consent, while Plaintiff, JANE DOE AC, laid on an examination table on her stomach, including when she was a minor child.

48.     In the midst of the gratuitous back massage, Defendant NASSAR abruptly and without notice, permission, or consent, digitally penetrated Plaintiff JANE DOE AC's vagina, including when she was a minor child.

49.     The above-described conduct of Defendant NASSAR served no legitimate medical purpose and was only performed for the sexual gratification and/or prurient interests of Defendant NASSAR.

50.     As a result of Defendant NASSAR's conduct, Plaintiff, JANE DOE AC, developed an eating disorder, among other psychological injuries.

51.     Defendant NASSAR became aware of Plaintiff JANE DOE AC's eating disorder.

52.    With full knowledge of her eating disorder, Defendant NASSAR made derogatory and sexually suggestive comments to Plaintiff, JANE DOE AC, about her weight and physical appearance, including when she was a minor child.

53.    With full knowledge of her eating disorder, Defendant NASSAR made derogatory comments to Plaintiff, JANE DOE AC, about her weight, including that she "needed to work out more" when she had gained weight, including when she was a minor child.

54.    Under the guise of providing "special treatment" to Plaintiff, JANE DOE AC, Defendant NASSAR requested that Plaintiff, JANE DOE AC, add him as a "friend" on Facebook, the social media network, which occurred when Plaintiff, JANE DOE AC, was a minor child.

55.    Defendant NASSAR told Plaintiff, JANE DOE AC, to "private message" him anytime that she needed an appointment.

56.    Defendant NASSAR told Plaintiff, JANE DOE AC, a minor child at the time, that this was "special treatment" that he did not provide to other patients.

57.    Upon information and belief, Defendant NASSAR carried out the same or similar pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing other young women, including minors, under the guise of medical treatment, during his employment

with Defendant, MICHIGAN STATE UNIVERSITY, from approximately 1996 to 2016.

58.     Upon information and belief, allegations against Defendant NASSAR for the same and/or similar pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing young women, including minors, had been reported to Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, and KOVAN, and/or their employees, representatives, and/or agents, in 1999.

59.     Accordingly, as of 1999, Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, and KOVAN, and/or their employees, representatives, and/or agents, had actual and/or constructive notice of and/or actual and/or constructive knowledge of Defendant NASSAR's pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing young women, including minors, under the guise of medical treatment.

60.     Upon information and belief, allegations against Defendant NASSAR for the same and/or similar pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing young women,

14

including minors, under the guise of medical treatment, had been reported to Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, and KOVAN, and/or their employees, representatives, and/or agents, again, in 2000.

61.    Accordingly, as of 2000, Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, and KOVAN, and/or their employees, representatives, and/or agents, had actual and/or constructive notice of and/or actual and/or constructive knowledge of Defendant NASSAR's pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing young women, including minors, under the guise of medical treatment.

62.    Upon information and belief, allegations against Defendant NASSAR for the same and/or similar pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing young women, including minors, under the guise of medical treatment, had been reported to Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL,

KOVAN, and SIMON, and/or their employees, representatives, and/or agents, again, in 2014.

63. On each occasion, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women, including when these young women were minors, but failed to do so, demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

64. As a direct and proximate result of the conduct, acts, omissions, and/or failures of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Defendant NASSAR had the opportunity to and actually did continue his pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing young women,

including Plaintiff, JANE DOE AC, including when they were minors, under the guise of medical treatment.

65.     Regarding the allegations against Defendant NASSAR in 2014, upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, failed to properly investigate and/or take corrective action to prevent Defendant NASSAR from continuing his pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing young women, including Plaintiff, JANE DOE AC.

66.     Upon information and belief, following the 2014 investigation, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, placed additional requirements on Defendant NASSAR's practice.

67.     Upon information and belief, Defendant STRAMPEL sent Defendant NASSAR a response email dated July 30, 2014 (**Exhibit A**), with the knowledge of and/or at the direction of Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, KOVAN, and SIMON, and/or their employees, agents, and/or

representatives, which included a recitation of additional requirements for Defendant NASSAR's practice, including as follows:

    a.    "We will have another person, (resident, nurse, etc) in the room whenever we are approaching a patient to perform procedures of anything close to a sensitive area."

    b.    "The procedure which caused the patient emotional distress because of her interpretation will be modified in the future to be sure that there is little to no skin contact when in these regions. Should this be absolutely necessary, the procedure will be explained in detail with another person in the room for both the explanation and the procedure."

    c.    "Now people in our practice will be oriented to be sure they understand these requirements."

(See **Exhibit A**)

68.    Upon information and belief, Defendant STRAMPEL further stated that "I am happy this has resolved to some extent and I am happy to have you back in full practice." (See **Exhibit A**)

69.    Upon information and belief, the "subject" line of the email stated "RE: My situation," indicating that Defendant STRAMPEL's email was a

"response" to an email from Defendant NASSAR titled "My situation."   (See

**Exhibit A**)

70.   Upon information and belief, Defendant NASSAR failed to comply with these additional institutional requirements.

71.   Upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, failed to enforce these additional institutional requirements and/or demonstrated deliberate indifference as to whether the additional institutional requirements were enforced and/or whether Defendant NASSAR complied with the additional institutional requirements.

72.   As a direct result of the failure of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, Defendant NASSAR had the opportunity to and actually did continue the same or similar pattern, practice, scheme, and/or conduct of sexually assaulting, battering, molesting, harassing, stalking, and terrorizing other young women, including Plaintiff, JANE DOE AC, under the guise of medical treatment, during his employment with Defendant, MICHIGAN STATE UNIVERSITY, and under the direct supervision and control

of Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON.

73.     Upon information and belief, each Defendant, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, knew or should have known of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, under the guise of medical treatment.

74.     Upon information and belief, again, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, were made aware of Defendant NASSAR's conduct in 1999, 2000, and 2014.

75.     The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern,

practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

76. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to protect the public, including Plaintiff, JANE DOE AC, from the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women, including minor children, under the guise of medical treatment.

77. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to warn the public, including Plaintiff, JANE DOE AC, about the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women, including minor children, under the guise of medical treatment.

78. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU

SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, breached said duties.

79.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, failed to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

80.   As a direct result of the failure of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women, Plaintiff, JANE DOE AC, was sexually assaulted, battered, molested, harassed, stalked, and terrorized by Defendant NASSAR, including when she was a minor child.

81.     Upon information and belief, on or about November 21, 2016, Defendant NASSAR was arrested and charged with several counts related to criminal sexual conduct with a person under the age of 13.

82.     Defendant NASSAR was also later charged with and sentenced for possession of child pornography.

83.     Upon information and belief, in January of 2018, more than 100 victims of Defendant NASSAR testified and provided victim impact statements at a sentencing hearing of Defendant NASSAR.

84.     Upon information and belief, Defendant NASSAR is currently serving a lengthy prison sentence of approximately 40 to 125 years in federal prison.

85.     Outrageously, upon information and belief, it was not until January 19, 2018, that Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, requested the Michigan Department of Attorney General to investigate the allegations against Defendant NASSAR that had taken place on the campus of Defendant, MICHIGAN STATE UNIVERSITY, for two decades.  (See **Exhibit B**, Affidavit in Support of Complaint of Ryan Pennel, at 1)

86.     Five days later, on or about January 24, 2018, Defendant, SIMON, resigned from her position as President of Defendant, MICHIGAN STATE UNIVERSITY.

87.    The following week, on or about February 2, 2018, pursuant to a search warrant, special investigators from the Michigan Department of Attorney General "retrieved a computer from [Defendant] Strampel's office located in Fee Hall" on the campus of Defendant, MICHIGAN STATE UNIVERSITY.  (See **Exhibit B**, Affidavit, at 4)

88.    Upon information and belief, on or about February 9, 2018, Ms. Carol Viventi, Vice President and Special Counsel to the President of Defendant, MICHIGAN STATE UNIVERSITY, requested the dismissal of Defendant, WILLIAM D. STRAMPEL, "for cause."

89.    Upon information and belief, a basis for Ms. Viventi's request was Defendant STRAMPEL's failure to properly supervise Defendant NASSAR and/or enforce the additional institutional requirements set forth in the email of **Exhibit A**.

90.    Upon information and belief, on or about February 15, 2018, the work computer of Defendant STRAMPEL was submitted to the Criminal Division of the Michigan Department of Attorney General for "expert forensic examination."  (See **Exhibit B**, Affidavit, at 4)

91.    Details set forth in the Affidavit of Ryan Pennel, Detective First Lieutenant with the Michigan State Police, attached as **Exhibit B**, demonstrate that Defendant STRAMPEL was fully aware of Defendant NASSAR's pattern,

24

practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including Plaintiff, JANE DOE AC, including when she was a minor child, under the guise of medical treatment.

92. In fact, as alleged in the Affidavit of Ryan Pennel, a forensic examination of Defendant STRAMPEL's work computer uncovered "a video of Dr. Larry Nassar performing 'treatment' on a young female patient." (See **Exhibit B**, Affidavit of Ryan Pennel, at 4)

93. It is further alleged that the forensic examination of Defendant STRAMPEL'S work computer also uncovered nude photos of women and pornographic videos, among other sexually explicit material. (See **Exhibit B**, Affidavit of Ryan Pennel, at 4)

94. Upon information and belief, on or about March 26, 2018, Defendant STRAMPEL was arrested and charged with Misconduct of a Public Official, a felony, Criminal Sexual Assault – Fourth Degree (Force or Coercion), Public Officer Wilful Neglect of Duty. (See **Exhibit B**, Complaint Felony, *People v. Strampel*, Case no. 18-0472-FY)

95. As of the date of this filing, the felony and misdemeanor criminal charges against Defendant STRAMPEL are still pending.

## COUNT I – VIOLATION OF 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION – DUE PROCESS AGAINST ALL DEFENDANTS

96.     Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

97.     Plaintiff, JANE DOE AC, has a constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

98.     Plaintiff, JANE DOE AC, is a female and member of a protected class.

99.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects the right of an individual, including a minor child, to be free from sexual assault, abuse, or molestation.

100.     Sexual abuse under color of law is so contrary to the fundamental notions of liberty and fairness and completely lacking in any redeeming value to society that no rational individual could believe that sexual abuse is constitutionally permissible under the Due Process Clause.

101.     At all relevant times, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and

SIMON, and/or their employees, representatives, and/or agents, were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendant, MICHIGAN STATE UNIVERSITY.

102. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated the constitutionally protected due process right of Plaintiff, JANE DOE AC, to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

103. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of and/or knew or should have known of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

104. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE

UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, but failed to do so, demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

105.   Upon information and belief, the duty of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, was not discretionary.

106.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated clearly established statutory

28

and constitutional rights of Plaintiff, JANE DOE AC, of which a reasonable person would have known.

107.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, as described herein is not substantially and/or rationally related to any legitimate governmental objective and/or interest.

108.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

109.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety,

29

irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT II – VIOLATION OF 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION – EQUAL PROTECTION AGAINST ALL DEFENDANTS

110.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

111.   Plaintiff, JANE DOE AC, has a constitutionally protected Equal Protection right to be free from intentional discrimination because of her sex by a person acting under color of law.

112.   Plaintiff, JANE DOE AC, is a female and member of a protected class.

113.   The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution protects the right of a woman, such as Plaintiff, JANE DOE AC, to be free from intentional discrimination because of her sex by a person acting under color of law.

114.   Intentional discrimination because of an individual's sex under color of law is so contrary to the fundamental notions of liberty and fairness and completely lacking in any redeeming value to society that no rational individual could believe that sexual abuse is constitutionally permissible under the Equal Protection Clause.

115.   At all relevant times, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendant, MICHIGAN STATE UNIVERSITY.

116.  As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE

UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated the constitutionally protected equal protection right of Plaintiff, JANE DOE AC, to be free from intentional discrimination because of her sex by a person acting under color of law.

117. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of and/or knew or should have known of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

118. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, but

32

failed to do so, demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

119.   Upon information and belief, the duty of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, was not discretionary.

120.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated clearly established statutory and constitutional rights of Plaintiff, JANE DOE AC, of which a reasonable person would have known.

121.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their

employees, representatives, and/or agents, as described herein is not substantially and/or rationally related to any legitimate governmental objective and/or interest.

122.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

123.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT III – VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

124.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

125.   42 U.S.C. § 1983 establishes a cause of action for any person who has been deprived of any rights, privileges, or immunities secured by the Constitution or laws of the United States by a person acting under color of State law.

126.   As set forth herein, at all relevant times, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies,

35

customs, and usages of the State of Michigan and/or Defendant, MICHIGAN STATE UNIVERSITY.

127.   As set forth herein, Plaintiff, JANE DOE AC, has a constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

128.   As set forth herein, Plaintiff, JANE DOE AC, has a constitutionally protected Equal Protection right to be free from intentional discrimination because of her sex by a person acting under color of law.

129.   As set forth herein, Plaintiff, JANE DOE AC, is a female and member of a protected class.

130.   As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated the constitutionally protected due process right of Plaintiff, JANE DOE AC, to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

131.   As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated the

constitutionally protected equal protection right of Plaintiff, JANE DOE AC, to be free from intentional discrimination because of her sex by a person acting under color of law.

132. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of and/or knew or should have known of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

133. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, but failed to do so, demonstrating conduct so reckless as to demonstrate a substantial

lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

134.   Upon information and belief, the duty of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, was not discretionary.

135.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated clearly established statutory and constitutional rights of Plaintiff, JANE DOE AC, of which a reasonable person would have known.

136.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their

employees, representatives, and/or agents, as described herein is not substantially and/or rationally related to any legitimate governmental objective and/or interest.

137.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

138.   As direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT IV – VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983, SUPERVISORY LIABILITY AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, AND SIMON

139.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

140.   As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, were in a supervisory position as it relates to Defendant NASSAR and had control, supervisory authority, and responsibility over the supervision, training, oversight, investigation,

discipline, and employment decisions related to Defendant NASSAR and all faculty and staff.

141.   As set forth herein, the training and/or supervision was inadequate for the tasks performed.

142.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, failed to train and/or supervise their employees, representatives, and/or agents, including Defendant NASSAR and all faculty and staff, regarding, at least, the following duties:

    a.   To perceive, report, prevent, and/or stop inappropriate sexual conduct occurring on the campus of Defendant, MICHIGAN STATE UNIVERSITY;

    b.   To provide diligent supervision over students, student-athletes, visitors, patients, faulty, staff, and/or other individuals on the campus of Defendant, MICHIGAN STATE UNIVERSITY;

    c.   To immediately report incidents of sexual abuse or sexual assault;

    d.   To immediately and thoroughly investigate allegations of sexual abuse or sexual assault;

e.    To implement policies to ensure the safety of students, student-athletes, visitors, patients, faulty, staff, and/or other individuals on the campus of Defendant, MICHIGAN STATE UNIVERSITY;

f.    To provide a safe environment for all students, student-athletes, visitors, patients, faulty, staff, and/or other individuals on the campus of Defendant, MICHIGAN STATE UNIVERSITY;

g.    To properly train faculty and staff to be aware of their individual responsibilities to ensure and maintain a safe environment on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

143.  As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of and/or knew or should have known of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

144. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, but failed to do so, demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

145. As set forth herein, the allegations set forth in the Affidavit of Ryan Pennel, Detective First Lieutenant with the Michigan State Police, attached as **Exhibit B**, demonstrate that Defendant STRAMPEL was fully aware of Defendant NASSAR's conduct.

146. Specifically, as alleged in the Affidavit of Ryan Pennel, a forensic examination of Defendant STRAMPEL's work computer uncovered "a video of Dr. Larry Nassar performing 'treatment' on a young female patient." (See **Exhibit B**, Affidavit of Ryan Pennel, at 4)

147. Further, as explained above, Ms. Viventi has already determined that Defendant STRAMPEL failed to monitor and/or supervise Defendant NASSAR.

148.   Accordingly, the Defendants, MICHIGAN STATE UNIVERSITY and THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, have already determined that there was a policy of inadequate training and/or supervision the result of which was due to Defendant STRAMPEL's deliberate indifference, negligence, and/or gross negligence.

149.   Upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, and SIMON, were in a supervisory position as it relates to Defendant STRAMPEL and had control, supervisory authority, and responsibility over the supervision, training, oversight, investigation, discipline, and employment decisions related to Defendant STRAMPEL.

150.   It is the position of Plaintiff, JANE DOE AC, that Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, and SIMON, are vicariously liable for the deliberate indifference, negligence, and gross negligence of Defendant STRAMPEL.

151.   It is further the position of Plaintiff, JANE DOE AC, that Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, and SIMON, themselves demonstrated deliberate indifference, negligence, and/or gross negligence for their failure to

ensure that the additional requirements put in place in 2014 regarding Defendant NASSAR, as set forth herein, were satisfied and/or actually employed and/or by failing to enforce the additional requirements.

152. This is especially the case in light of the fact that, upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, were made aware of Defendant NASSAR's conduct in 1999, 2000, and 2014.

153. Accordingly, in addition to the failure of Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to properly train and/or supervise Defendant NASSAR, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, further failed to properly train and/or supervise Defendant STRAMPEL.

154. For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE

UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

155.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages

and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT V – VIOLATION OF TITLE IX
## OF THE EDUCATION ACT OF 1972, 20 U.S.C. § 1681, ET SEQ., AGAINST DEFENDANTS  MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, AND SIMON

156.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

157.   Title IX, 20 U.S.C. § 1681(a) provides, in relevant part, as follows:

> No person in the United States shall, on the basis of sex…be subjected to discrimination under any education program or activity receiving Federal financial assistance…

158.   "Title IX also protects third parties from sexual harassment or violence in a school's education programs and activities."  See United States Department of Education, Office for Civil Rights, "Dear Colleague," ed.gov (April 3, 2018) *available at* https://ed.gov/print/about/offices/list/ocr/letters/colleague-201104.html, at 4, n. 11.

159.   "Sexual harassment is unwelcome conduct of a sexual nature.  It includes unwelcome sexual advances, requests for sexual favors, and other verbal,

nonverbal, or physical conduct of a sexual nature.  Sexual violence is a form of sexual harassment prohibited by Title IX." *Id*, at 3.

160.  "Title IX also prohibits gender-based harassment, which may include acts of verbal, nonverbal, or physical aggression, intimidation, or hostility based on sex or sex-stereotyping, even if those acts do not involve conduct of a sexual nature." *Id*, at 3, n. 9.

161.  Plaintiff, JANE DOE AC, is a "person" within the meaning and protected by Title IX.  See 20 U.S.C. § 1681(a).

162.  Defendant, MICHIGAN STATE UNIVERSITY, receives "Federal financial assistance" for its education program and is subject to the provisions of Title IX of the Education Act of 1972.

163.  Upon information and belief, Defendant, MSU SportsMEDICINE, receives "Federal financial assistance" for its program and is subject to the provisions of Title IX of the Education Act of 1972.

164.  The conduct of Defendant NASSAR, as set forth herein, was carried out under one of Defendant MICHIGAN STATE UNIVERSITY's and/or Defendant MSU SportsMEDICINE's programs which provides medical treatment to students, athletes, faculty, staff, and the general public, for profit and which is carried out on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

165.   The conduct of Defendant NASSAR, as set forth herein, constitutes sexual discrimination and harassment protected by Title IX.

166. Pursuant to Title IX, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, have a duty to investigate all allegations of sexual assault, battery, molestation, and harassment, including where the alleged sexual assault, battery, molestation, and/or harassment was committed by an employee.

167.   The conduct of Defendant NASSAR, as set forth herein, was conducted on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

168.   Upon information and belief, in 1999 and 2000, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and/or SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of, knew of or should have known of and/or demonstrated deliberate indifference to the conduct of Defendant NASSAR which constituted sexual discrimination and harassment protected by Title IX.

169.   Upon information and belief, again, in 2014, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF

49

MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and/or SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of, knew of or should have known of and/or demonstrated deliberate indifference to the conduct of Defendant NASSAR which constituted sexual discrimination and harassment protected by Title IX.

170.   On each and every occasion, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and/or SIMON, and/or their employees, representatives, and/or agents, breached their duties under Title IX to investigate and take corrective action in response to allegations of sexual discrimination and harassment protected by Title IX.

171.   After the complaints in 1999, 2000, and 2014 against Defendant NASSAR and the failure of Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and/or SIMON, and/or their employees, representatives, and/or agents, Defendant NASSAR continued his pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

172.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and/or SIMON, and/or their employees, representatives, and/or agents, demonstrated deliberate indifference, in violation of Title IX, regarding the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, including by, as follows:

a.   Failing to adequately investigate complaints of sexual discrimination and/or harassment made by a female or females against Defendant NASSAR in 1999;

b.   Failing to take corrective action against Defendant NASSAR following complaints of sexual discrimination and/or harassment made by a female or females against Defendant NASSAR in 1999;

c.   Failing to adequately investigate complaints of sexual discrimination and/or harassment made by a female or females against Defendant NASSAR in 2000;

d.   Failing to take corrective action against Defendant NASSAR following complaints of sexual discrimination and/or

harassment made by a female or females against Defendant NASSAR in 2000;

e.  Failing to adequately investigate complaints of sexual discrimination and/or harassment made by a female or females against Defendant NASSAR in 2014;

f.  Failing to take corrective action against Defendant NASSAR and/or ensure that implemented corrective action was carried out following complaints of sexual discrimination and/or harassment made by a female or females against Defendant NASSAR in 2014;

g.  Failing to institute corrective measures to ensure that Defendant NASSAR did not sexually discriminate against or harass another individual, including minors, while employed by Defendant, MICHIGAN STATE UNIVERSITY.

173.  The response of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and their employees, representatives, and agents, to the complaints against Defendant NASSAR in 1999, 2000, and 2014 were clearly unreasonable and demonstrates a substantial lack of

concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

174.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

175.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT VI – VIOLATION OF THE CONSTITUTION OF MICHIGAN – DUE PROCESS
## AGAINST ALL DEFENDANTS

176.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

177.   Plaintiff, JANE DOE AC, has a constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

178.   Plaintiff, JANE DOE AC, is a female and member of a protected class.

179.   The Due Process Clause of the Constitution of Michigan of 1963 is coextensive with the Due Process Clause of the United States Constitution.

54

180. The Due Process Clause of the Constitution of Michigan of 1963 protects the right of an individual, including a minor child, to be free from sexual assault, abuse, or molestation.

181. Sexual abuse under color of law is so contrary to the fundamental notions of liberty and fairness and completely lacking in any redeeming value to society that no rational individual could believe that sexual abuse is constitutionally permissible under the Due Process Clause of the Constitution of Michigan of 1963.

182. At all relevant times, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendant, MICHIGAN STATE UNIVERSITY.

183. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated the

constitutionally protected due process right of Plaintiff, JANE DOE AC, to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

184. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of and/or knew or should have known of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

185. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, but failed to do so, demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

186.   Upon information and belief, the duty of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, was not discretionary.

187.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated clearly established statutory and constitutional rights of Plaintiff, JANE DOE AC, of which a reasonable person would have known.

188.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, as described herein is not substantially and/or rationally related to any legitimate governmental objective and/or interest.

189.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

190.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE,

NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT VII – VIOLATION OF THE CONSTITUTION OF MICHIGAN – EQUAL PROTECTION
### AGAINST ALL DEFENDANTS

191.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

192.   Plaintiff, JANE DOE AC, has a constitutionally protected Equal Protection right to be free from intentional discrimination because of her sex by a person acting under color of law.

193.   Plaintiff, JANE DOE AC, is a female and member of a protected class.

194.   The Equal Protection Clause of the Constitution of Michigan of 1963 is coextensive with the Equal Protection Clause of the United States Constitution.

195.   The Equal Protection Clause of the Constitution of Michigan of 1963 protects the right of a woman, such as Plaintiff, JANE DOE AC, to be free from intentional discrimination because of her sex by a person acting under color of law.

196.   Intentional discrimination because of an individual's sex under color of law is so contrary to the fundamental notions of liberty and fairness and completely lacking in any redeeming value to society that no rational individual could believe that sexual abuse is constitutionally permissible under the Equal Protection Clause of the Constitution of Michigan of 1963.

197. At all relevant times, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan and/or Defendant, MICHIGAN STATE UNIVERSITY.

198. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated the constitutionally protected equal protection right of Plaintiff, JANE DOE AC, to be free from intentional discrimination because of her sex by a person acting under color of law.

199. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had actual knowledge of and/or knew or should have known of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

200. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, but failed to do so, demonstrating conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

201. Upon information and belief, the duty of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE

UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, was not discretionary.

202.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, violated clearly established statutory and constitutional rights of Plaintiff, JANE DOE AC, of which a reasonable person would have known.

203.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, as described herein is not substantially and/or rationally related to any legitimate governmental objective and/or interest.

204.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and

SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

205.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special

damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT VIII - VIOLATION OF THE MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS

206.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

207.  The Michigan Elliot-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, et seq., prohibits discrimination based on sex.  See MCL 37.2102.

208.   "Discrimination because of sex includes sexual harassment."  MCL 37.2103(i).

209.  The ELCRA protects against sexual harassment in educational institutions such as Defendant, MICHIGAN STATE UNIVERSITY.

210.  At all times pertinent hereto, Defendant, MICHIGAN STATE UNIVERSITY, was and is an "educational institution" as defined by and subject to the ELCRA.  See MCL 37.2401.

211.  At all times pertinent hereto, Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, was and is an "educational institution" as defined by and subject to the ELCRA.  See MCL 37.2401.

212.   At all times pertinent hereto, Defendant, MSU SportsMEDICINE, was and is an "educational institution" as defined by and subject to the ELCRA. See MCL 37.2401.

213.   At all times pertinent hereto, Defendant NASSAR was an "educational institution" as defined by and subject to the ELCRA.   See MCL 37.2401.

214.   At all times pertinent hereto, Defendant STRAMPEL was an "educational institution" as defined by and subject to the ELCRA.   See MCL 37.2401.

215.   At all times pertinent hereto, Defendant KOVAN was an "educational institution" as defined by and subject to the ELCRA.  See MCL 37.2401.

216.   At all times pertinent hereto, Defendant SIMON was an "educational institution" as defined by and subject to the ELCRA.  See MCL 37.2401.

217.   At all times pertinent hereto, Plaintiff, JANE DOE AC, was and is a "person" as defined by and protected by the ELCRA.  See MCL 37.2103(g).

218.   An "educational institution," such as each Defendant, shall not "discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of…sex."  MCL 37.2401(a).

219.   Pursuant to the ELCRA, an educational institution shall not "[d]iscriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex."  MCL 37.2402(a).

220.   As set forth herein, the conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, were carried out under "services, activities, or programs provided by the institution[.]"

221.   As set forth herein, the services, activities, and programs of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, at issue were extended, offered, sold, or otherwise made available to the public.

222.   The ELCRA protects against sexual harassment in places of "public accommodation."  See MCL 37.2102(1).

223.   Pursuant to the ELCRA, a "place of public accommodation" means "an educational…institution of any kind…whose…services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public."  MCL 37.2301(a).

224.   As set forth herein, the conduct of all Defendants occurred in a "place of public accommodation," as defined by the ELCRA.

225.   As set forth herein, the conduct of all Defendants violated the rights of Plaintiff, JANE DOE AC, which are protected by the ELCRA.

226.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

227.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of

enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT IX – STALKING
## AGAINST DEFENDANT NASSAR

228.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

229.   Pursuant to MCL 750.411h(1)(c), harassment means "conduct directed toward a victim that includes, but is not limited to, repeated or continuing unconsented contact would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress."

230.   Pursuant to MCL 750.411h(1)(d), stalking means "a willful course of conduct involving repeated or continuing harassment of another individual that

would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested."

231.   As set forth above, Plaintiff, JANE DOE AC, was the target of a willful course of conduct involving repeated or continuing harassment at the hands of Defendant NASSAR.

232.   As set forth above, Plaintiff, JANE DOE AC, was the target of repeated and continuing unconsented contact by Defendant NASSAR that would cause a reasonable individual to suffer emotional distress and that actually caused Plaintiff, JANE DOE AC, to suffer emotional distress, in violation of MCL 750.411h.

233.   As set forth above, Plaintiff, JANE DOE AC, was the target of a willful course of conduct of Defendant NASSAR involving repeated and continuing harassment that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually caused Plaintiff, JANE DOE AC, to feel terrorized, frightened, intimidated, threatened, harassed, or molested, in violation of MCL 750.411h.

234.   The willful course of conduct of Defendant NASSAR was not constitutionally protected activity and did not serve any legitimate purpose.

235.   Pursuant to MCL 600.2954, a victim of stalking and/or harassment may maintain a civil action for damages incurred by the victim as a result of that conduct.  "A victim may also seek and be awarded exemplary damages, costs of the action, and reasonable attorney fees in an action brought under this section." MCL 600.2954.

236.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

237.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or

earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against Defendant NASSAR in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT X – INVASION OF PRIVACY
## AGAINST ALL DEFENDANTS

238.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

239.   At all times pertinent hereto, Plaintiff, JANE DOE AC, had a constitutional, statutory, and common law right to be free from the invasion and/or intrusion of bodily integrity through sexual assault, abuse, or molestation.

240.   The constitutional, statutory, and common law right to be free from the invasion and/or intrusion of bodily integrity through sexual assault, abuse, or molestation of Plaintiff, JANE DOE AC, is a significant and private subject matter.

241.   Plaintiff, JANE DOE AC, had a constitutional, statutory, and common law right to keep such subject matter private.

242. As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, as set forth herein, Defendant NASSAR obtained information about the private subject matter through a method that reasonable person would find objectionable, as described herein.

243. As set forth herein, Defendant NASSAR had a duty to Plaintiff, JANE DOE AC, to not sexually assault, batter, molest, harass, stalk, and terrorize Plaintiff, JANE DOE AC, including when she was a minor.

244. As set forth herein, Defendant NASSAR breached said duty.

245. As forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

246. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE

UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, breached said duty.

247.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

248.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

249.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

250.   As set forth herein, Defendant NASSAR had a duty to Plaintiff, JANE DOE AC, to not sexually assault, batter, molest, harass, stalk, and terrorize Plaintiff, JANE DOE AC, including when she was a minor.

251.   As set forth herein, Defendant NASSAR breached said duty.

252. The conduct of Defendant NASSAR, as described herein, was extreme, outrageous, intentional, and reckless conduct carried out with intent to commit said extreme, outrageous, intentional, and reckless conduct and/or with reckless disregard for the health, safety, or wellbeing of Plaintiff, JANE DOE AC,

74

and/or which was so reckless as to demonstrate a substantial lack of concern for whether an injury would result.

253. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

254. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, breached said duty.

255. The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, as described herein, was extreme, outrageous, intentional, and reckless conduct carried out with intent to commit said extreme, outrageous, intentional, and reckless conduct and/or with reckless disregard for the health, safety, or wellbeing of Plaintiff, JANE DOE AC, and/or which was so

reckless as to demonstrate a substantial lack of concern for whether an injury would result.

256. A reasonable person would not expect the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to tolerate or permit an employee, agent, and/or representative, to carry out the type of pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women, including when these young women were minors, after the above-referenced Defendants knew or should have known of complaints and claims of Defendant NASSAR's conduct performed under the guise of medical treatment.

257. A reasonable person would not expect the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, to be incapable of supervising Defendant NASSAR and/or preventing Defendant NASSAR from carrying out his pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including when these young women were minors.

258.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

259.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE,

NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT XII – VICARIOUS LIABILITY AND/OR RESPONDEAT SUPERIOR AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, STRAMPEL, KOVAN, AND SIMON

260.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

261.   The Michigan Supreme Court has stated that "Vicarious liability is indirect responsibility imposed by operation of law." *Theophelis v. Lansing General Hospital*, 430 Mich. 473, 483; 424 N.W.2d 478 (1988).

262.   Vicariously liable essentially creates agency between the principal and its agent so that the principal is held to have done what its agent has done.

263.   At all times pertinent hereto, Defendant NASSAR was an employee of Defendant, MICHIGAN STATE UNIVERSITY.

264.   Upon information and belief, at all times pertinent hereto, Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, had "control and direction" and "final authority" over the supervision, training,

oversight, investigation, discipline, and employment decisions related to Defendant NASSAR.

265.   Upon information and belief, Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, delegated supervisory authority and responsibility to Defendants, LOU ANNA SIMON, WILLIAM D. STAMPEL, and JEFFREY R. KOVAN, over the supervision, oversight, investigation, discipline, and employment decisions related to Defendant NASSAR.

266.   Upon information and belief, Defendants, SIMON, STRAMPEL, and KOVAN actually had control, supervisory authority, and responsibility over the supervision, oversight, investigation, discipline, and employment decisions related to Defendant NASSAR.

267.   Upon information and belief, at all times pertinent hereto, Defendant NASSAR was acting within the scope of his employment and/or agency with Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, and MSU SportsMEDICINE.

268.   At all times pertinent hereto, Defendant NASSAR was acting with the express and/or implicit consent of Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON.

79

269.  At all times pertinent hereto, Defendant NASSAR maintained an office and practiced osteopathic medicine at Defendant MSU SportsMEDICINE on the campus of Defendant MICHIGAN STATE UNIVERSITY.

270.  The events described herein occurred on the campus of Defendant, MICHIGAN STATE UNIVERSITY, at the offices of Defendant, MSU SportsMEDICINE.

271.  The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, are vicariously liable for the actions of Defendant NASSAR, as described in this Complaint, which were performed during the course of his employment, agency, and/or representation with the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and while he was permitted to have access to and/or physical contact with young, female patients on the campus of Defendant, MICHIGAN STATE UNIVERSITY, at the offices of Defendant, MSU SportsMEDICINE, and through the College of Osteopathic Medicine and Division of Sports Medicine of Defendant, MICHIGAN STATE UNIVERSITY.

272.  The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU

80

SportsMEDICINE, KOVAN, and SIMON, are also vicariously liable for the actions of Defendant STRAMPEL, as set forth herein.

273.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had actual and/or constructive knowledge of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, under the guise of medical treatment, during the course of Defendant NASSAR's employment.

274.   Upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, KOVAN, and SIMON, had actual and/or constructive knowledge of the conduct of Defendant STRAMPEL to use his position of authority to sexually assault, sexually harass, and/or coerce young women into engaging in sexual acts for personal gratification and/or in exchange for academic favors.  (See **Exhibit B**, Affidavit of Ryan Pennell)

275.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had actual and/or

constructive knowledge of Defendant NASSAR'S propensity to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, under the guise of medical treatment, during the course of Defendant NASSAR's employment, and the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, took no action to prevent such conduct.

276.    It was reasonably foreseeable that Defendant NASSAR would continue to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, under the guise of medical treatment, during his employment, agency, and/or representation, with the actual and/or constructive knowledge that the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had of such conduct.

277.    For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

278. As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff

is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT XIII – EXPRESS AND/OR IMPLIED AGENCY AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, AND SIMON

279.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

280.   An agent is a person or entity who is authorized by another to act on its behalf.

281.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, intentionally and/or negligently made representations that Defendant NASSAR was their employee, agent, and/or representative.

282.   On the basis of said representations, Plaintiff, JANE DOE AC, reasonably believed that Defendant NASSAR was acting as an employee, agent, and/or representative of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON.

283.   Plaintiff, JANE DOE AC, was injured, as described herein, as a result of the conduct of Defendant NASSAR, as described herein, and which conduct

was performed during the course of Defendant NASSAR's employment, agency, and/or representation with the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and while Defendant NASSAR had unfettered access to young, female athletes and/or individuals.

284. Plaintiff, JANE DOE AC, was injured, as described herein, as a result of her reasonable reliance on the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, to provide employees, agents, and/or representatives who exercise reasonable skill and care.

285. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, are liable for the actions of Defendant NASSAR, as described herein, which conduct was performed during the course of Defendant NASSAR's employment, agency, and/or representation with the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and while Defendant NASSAR had unfettered access to young, female athletes and/or individuals.

286.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, KOVAN, and SIMON, are liable for the actions of Defendant STRAMPEL, as set forth herein.

287.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

288.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of

enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT XIV - NEGLIGENCE AND/OR GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

289. Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

290. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, owed Plaintiff, JANE DOE AC, a duty of ordinary care to ensure her safety and freedom and/or to protect her from sexual assault, sexual battery, sexual abuse, and sexual molestation while interacting with the above-named Defendants' employees,

87

agents, and/or representatives, including Defendant NASSAR, and while on the campus of Defendant MICHIGAN STATE UNIVERSITY, and at the office of Defendant, MSU SportsMEDICINE.

291.  The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, also had a duty of care to adequately train, supervise, educate, and retain their employees, agents, and/or representatives, including Defendant NASSAR.

292.  The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, also had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

293. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, breached said duties, demonstrating negligent and/or grossly negligent conduct.

294.   The failure of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, to comply with said duties demonstrates conduct so outrageous and reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiff, JANE DOE AC.

295.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, demonstrated a willful disregard for precautions to ensure the safety of Plaintiff, JANE DOE AC.

296.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had actual and/or constructive knowledge of, knew and/or should have known of, and/or demonstrated deliberate indifference towards the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

297.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU

SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, demonstrated a willful disregard for substantial and devastating risks to Plaintiff, JANE DOE AC.

298.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, further demonstrated a reckless disregard for Plaintiff JANE DOE AC's health, safety, constitutional rights, statutory rights, and common law rights with substantial disregard for whether injury resulted to Plaintiff, JANE DOE AC.

299.   The Defendants,  MICHIGAN STATE UNIVERSITY, THE BOARD OF   TRUSTEES   OF   MICHIGAN   STATE   UNIVERSITY,   MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, despite their knowledge, failed to warn Plaintiff, JANE DOE AC, that there had been allegations against Defendant NASSAR that he was sexually assaulting, battering, molesting, and terrorizing, young, female athletes and patients under the guise of medical treatment and/or that the alleged medical treatment that Plaintiff, JANE DOE AC, had received and/or would receive in the future from Defendant NASSAR may and/or actually was sexual assault.

300.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF   TRUSTEES   OF   MICHIGAN   STATE   UNIVERSITY,   MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, despite their knowledge,

failed to protect Plaintiff, JANE DOE AC, from the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

301.  Defendant NASSAR owed Plantiff, JANE DOE AC, a duty of ordinary care in providing medical treatment as an employee, agent, and/or representative of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON.

302.  As set forth herein, Defendant NASSAR also had a duty to Plaintiff, JANE DOE AC, to not sexually assault, batter, molest, harass, stalk, and terrorize Plaintiff, JANE DOE AC, including when she was a minor.

303.  A special, confidential, and fiduciary relationship was created between Plaintiff, JANE DOE AC, and Defendant NASSAR when Plaintiff, JANE DOE AC, sought medical treatment from Defendant NASSAR in the course of his employment, agency, and/or representation of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, resulting in Defendant NASSAR owing Plaintiff, JANE DOE AC, a duty to use due care.

304.   As set forth herein, Defendant NASSAR breached said duties.

305.   The conduct of Defendant NASSAR, as described herein, including his breach of said duties, demonstrates conduct so outrageous and reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiff, JANE DOE AC.

306.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

307.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of

enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT XV – NEGLIGENT AND/OR GROSSLY NEGLIGENT FAILURE TO TRAIN AND/OR EDUCATE AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, AND SIMON

308. Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

309. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had a duty of care to

adequately train, supervise, educate, and retain their employees, agents, and/or representatives, including Defendant NASSAR.

310.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had a duty to train and educate Defendant NASSAR regarding the standard of care and/or the standards regarding sexual assault and/or harassment on campus of the Defendant, MICHIGAN STATE UNIVERSITY.

311.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, also had a duty when training and/or educating employees, agents, and/or representatives, including Defendant NASSAR, to exercise due care.

312. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, breached said duties, demonstrating negligent and/or grossly negligent conduct.

313.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, were negligent and/or

grossly negligent in their training and/or education of Defendant NASSAR as an employee, agent, and/or representative when after the above-identified Defendants discovered, or reasonably should have discovered Defendant NASSAR's conduct, which reflected a propensity for sexual misconduct, the above-identified Defendants did not take the necessary steps to train and/or educate Defendant NASSAR and/or ensure that Defendant NASSAR immediately stopped such conduct.

314.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their failure to act in accordance with the standard of care resulted in Defendant NASSAR gaining access to and sexually abusing and/or sexually assaulting Plaintiff, JANE DOE AC, as described herein, and an unknown number of other young individuals.

315.   The aforementioned negligence and/or gross negligence in the training and/or education of Defendant NASSAR created a foreseeable risk of harm to Plaintiff, JANE DOE AC, as well as other minors and young individuals.

316.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had actual and/or constructive knowledge of, knew and/or should have known of, and/or

demonstrated deliberate indifference towards the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, and failed to stop and/or prevent such conduct.

317. The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, demonstrated a willful disregard for substantial and devastating risks to Plaintiff, JANE DOE AC.

318. The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, further demonstrated a reckless disregard for Plaintiff JANE DOE AC's health, safety, constitutional rights, statutory rights, and common law rights with substantial disregard for whether injury resulted to Plaintiff, JANE DOE AC.

319. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, despite their knowledge, failed to protect Plaintiff, JANE DOE AC, from the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass,

stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

320.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

321.   As direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT XVI – NEGLIGENT AND/OR GROSSLY NEGLIGENT FAILURE TO SUPERVISE
### AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, AND SIMON

322.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

323.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had a duty of care to adequately train, supervise, educate, and retain their employees, agents, and/or representatives, including Defendant NASSAR.

324.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, also had a duty when supervising employees, agents, and/or representatives, including Defendant NASSAR, to exercise due care.

325. As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, breached said duties, demonstrating negligent and/or grossly negligent conduct.

326.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, were negligent and/or grossly negligent in the supervision of Defendant NASSAR as an employee, agent, and/or representative in light of their knowledge of the conduct of Defendant NASSAR, as described herein.

327.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, were negligent and/or grossly negligent in the supervision of Defendant NASSAR as an employee, agent, and/or representative when after the above-identified Defendants discovered, or

reasonably should have discovered Defendant NASSAR's conduct, which reflected a propensity for sexual misconduct, the above-identified Defendants did not take the necessary steps to supervise Defendant NASSAR and/or ensure that Defendant NASSAR immediately stopped such conduct.

328.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their failure to act in accordance with the standard of care resulted in Defendant NASSAR gaining access to and sexually abusing and/or sexually assaulting Plaintiff, JANE DOE AC, as described herein, and an unknown number of other young individuals.

329.   The aforementioned negligence and/or gross negligence in the supervision of Defendant NASSAR created a foreseeable risk of harm to Plaintiff, JANE DOE AC, as well as other minors and young individuals.

330.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had actual and/or constructive knowledge of, knew and/or should have known of, and/or demonstrated deliberate indifference towards the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk,

and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, and failed to stop and/or prevent such conduct.

331. The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, demonstrated a willful disregard for substantial and devastating risks to Plaintiff, JANE DOE AC.

332. The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, further demonstrated a reckless disregard for Plaintiff JANE DOE AC's health, safety, constitutional rights, statutory rights, and common law rights with substantial disregard for whether injury resulted to Plaintiff, JANE DOE AC.

333. The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, despite their knowledge, failed to protect Plaintiff, JANE DOE AC, from the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

334.  For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

335.  As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE,

NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT XVII – NEGLIGENT AND/OR GROSSLY NEGLIGENT RETENTION AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, AND SIMON

336.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

337.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had a duty of care to adequately train, supervise, educate, and retain their employees, agents, and/or representatives, including Defendant NASSAR.

338.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring,

supervising, and reviewing employees, agents, and/or representatives, including Defendant NASSAR, to exercise due care.

339.   As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, breached said duties, demonstrating negligent and/or grossly negligent conduct.

340.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, were negligent and/or grossly negligent in the retention of Defendant NASSAR as an employee, agent, and/or representative in light of their knowledge of the conduct of Defendant NASSAR, as described herein.

341.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, were negligent and/or grossly negligent in the retention of Defendant NASSAR as an employee, agent, and/or representative when after the above-identified Defendants discovered, or reasonably should have discovered Defendant NASSAR's conduct, which reflected a propensity for sexual misconduct, the above-identified Defendants did not take

the necessary steps to terminate the employment of Defendant NASSAR and/or ensure that Defendant NASSAR immediately stopped such conduct.

342.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their failure to act in accordance with the standard of care resulted in Defendant NASSAR gaining access to and sexually abusing and/or sexually assaulting Plaintiff, JANE DOE AC, as described herein, and an unknown number of other young individuals.

343.   The aforementioned negligence and/or gross negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, supervising, and reviewing of Defendant NASSAR created a foreseeable risk of harm to Plaintiff, JANE DOE AC, as well as other minors and young individuals.

344.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had actual and/or constructive knowledge of, knew and/or should have known of, and/or demonstrated deliberate indifference towards the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, and failed to stop and/or prevent such conduct.

345.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, demonstrated a willful disregard for substantial and devastating risks to Plaintiff, JANE DOE AC.

346.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, further demonstrated a reckless disregard for Plaintiff JANE DOE AC's health, safety, constitutional rights, statutory rights, and common law rights with substantial disregard for whether injury resulted to Plaintiff, JANE DOE AC.

347.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, despite their knowledge, failed to protect Plaintiff, JANE DOE AC, from the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

348.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and

SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

349.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special

damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT XVIII – NEGLIGENT AND/OR GROSSLY NEGLIGENT FAILURE TO WARN OR PROTECT AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, AND SIMON

350.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

351.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had a duty of care to warn and protect Plaintiff, JANE DOE AC, and the public in general from being subjected to sexual assault and/or harassment on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

352.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, also had a duty of care to protect Plaintiff, JANE DOE AC, and the public in general from known and/or unreasonably dangerous risks of injury on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

353.   In the exercise of their duties, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had a duty to exercise due care.

354.   As set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, breached said duties, demonstrating negligent and/or grossly negligent conduct.

355.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, were negligent and/or grossly negligent in warning and/or protecting Plaintiff, JANE DOE AC, and the public in general against the conduct of Defendant NASSAR, their employee, agent, and/or representative, in light of their knowledge of the conduct of Defendant NASSAR, as described herein.

356.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, were negligent and/or grossly negligent in warning and/or protecting Plaintiff, JANE DOE AC, and the public in general against the conduct of Defendant NASSAR, their employee,

agent, and/or representative, when after the above-identified Defendants discovered, or reasonably should have discovered Defendant NASSAR's conduct, which reflected a propensity for sexual misconduct, the above-identified Defendants did not take the necessary steps to warn or protect against the conduct of Defendant NASSAR and/or ensure that Defendant NASSAR immediately stopped such conduct.

357.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their failure to act in accordance with the standard of care resulted in Defendant NASSAR gaining access to and sexually abusing and/or sexually assaulting Plaintiff, JANE DOE AC, as described herein, and an unknown number of other young individuals.

358.   The aforementioned negligence and/or gross negligence created a foreseeable risk of harm to Plaintiff, JANE DOE AC, as well as other minors and young individuals.

359.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, had actual and/or constructive knowledge of, knew and/or should have known of, and/or demonstrated deliberate indifference towards the pattern, practice, scheme, and/or

conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, and failed to stop and/or prevent such conduct.

360.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, demonstrated a willful disregard for substantial and devastating risks to Plaintiff, JANE DOE AC.

361.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, further demonstrated a reckless disregard for Plaintiff JANE DOE AC's health, safety, constitutional rights, statutory rights, and common law rights with substantial disregard for whether injury resulted to Plaintiff, JANE DOE AC.

362.   Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, despite their knowledge, failed to warn or protect Plaintiff, JANE DOE AC, from the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

363.  For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

364.  As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an

amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT XIX – FRAUDULENT CONCEALMENT
## AGAINST ALL DEFENDANTS

365.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

366.   From approximately 1996 to September of 2016, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, represented to Plaintiff, JANE DOE AC, and the public in general that Defendant NASSAR was a competent, safe, and highly regarded physician.

367.   By representing that Defendant NASSAR was a team physician and athletic physician at Defendant, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, represented to Plaintiff, JANE DOE AC, and the public in general that Defendant NASSAR was safe, trustworthy, and of high moral and

ethical repute and that Plaintiff, JANE DOE AC, and the public need not worry about being harmed by Defendant NASSAR.

368.   From approximately 2007 to November of 2015, Defendant NASSAR intentionally misrepresented to Plaintiff, JANE DOE AC, that his "medical treatments" were appropriate and/or medically necessary to treat Plaintiff JANE DOE AC's back and/or ankle pain and/or injuries, when Defendant NASSAR knew this not to be true.

369.   Defendant NASSAR intentionally used his reputation, prestige, renown, authority, and position to carry out his pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including Plaintiff, JANE DOE AC, including when these young women were minors.

370.   The aforementioned representations were false when they were made.

371.   The aforementioned false representations were made with knowledge of their falsity, with a reckless disregard for the whether injury would result, and/or in an effort to fraudulently conceal the truth from Plaintiff, JANE DOE AC, and the public in general.

372.   The aforementioned false representations were made with knowledge of their falsity by Defendant NASSAR for his personal sexual gratification, prurient interests, and/or personal financial gain.

373.   The aforementioned false representations were made with knowledge of their falsity by the Defendants, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, for personal and/or institutional financial gain.

374.   The Defendants, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, knew that the aforementioned representations were false because they had actual and/or constructive notice and knowledge of the complaints against Defendant NASSAR in 1999, 2000, and 2014, at least.

375.   Despite their knowledge, the Defendants, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, continued to portray Defendant NASSAR as competent and safe physician to Plaintiff, JANE DOE AC, and to the public.

376.   Defendant NASSAR had and was continuing his pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including when these young women were minors.

377.   Plaintiff, JANE DOE AC, relied on the aforementioned representations when she sought medical treatment on the campus of Defendant, MICHIGAN STATE UNIVERSITY, from Defendant NASSAR.

378.   As set forth above, details set forth in the Affidavit of Ryan Pennel, Detective First Lieutenant with the Michigan State Police, attached as **Exhibit B**, demonstrate that Defendant STRAMPEL was fully aware of Defendant NASSAR's pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including Plaintiff, JANE DOE AC, including when she was a minor child, under the guise of medical treatment.

379.   In fact, as alleged in the Affidavit of Ryan Pennel, a forensic examination of Defendant STRAMPEL's work computer uncovered "a video of Dr. Larry Nassar performing 'treatment' on a young female patient."  (See **Exhibit B**, Affidavit of Ryan Pennel, at 4)

380.   Further, upon information and belief, "someone" attempted to "delete" some of the sexually explicit material from Defendant STRAMPEL's work computer.  (See **Exhibit B**, Affidavit of Ryan Pennel, at 4)

381.  The efforts to "delete" sexually explicit material from Defendant STRAMPEL's work computer demonstrates intentional and fraudulent conduct made in an effort to continue to conceal the rampant sexual assault and harassment on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

382.  Upon information and belief, the aforementioned fraud, fraudulent concealment, and/or intentional misrepresentations of Defendant NASSAR occurred every day from approximately 1996 to September of 2016.

383.  Upon information and belief, the aforementioned fraud, fraudulent concealment, and/or intentional misrepresentations of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE,, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, occurred every day following the first complaints they received about Defendant NASSAR's conduct until, at least, January 19, 2018, when the Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, upon and information and belief, finally requested the Michigan Department of Attorney General to investigate the allegations against Defendant NASSAR that had taken place on the campus of Defendant, MICHIGAN STATE UNIVERSITY, for two decades.  (See **Exhibit B**, Affidavit in Support of Complaint of Ryan Pennel, at 1)

384.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

385.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE,

NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

### COUNT XX – FRAUD, INTENTIONAL MISREPRESENTATION, AND/OR NEGLIGENT MISREPRESENTATION AGAINST ALL DEFENDANTS

386.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

387.   From approximately 1996 to September of 2016, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, represented to Plaintiff, JANE DOE AC, and the public in general that Defendant NASSAR was a competent, safe, and highly regarded physician.

388.   By representing that Defendant NASSAR was a team physician and athletic physician at Defendant, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL,

KOVAN, and SIMON, represented to Plaintiff, JANE DOE AC, and the public in general that Defendant NASSAR was safe, trustworthy, and of high moral and ethical repute and that Plaintiff, JANE DOE AC, and the public need not worry about being harmed by Defendant NASSAR.

389.    From approximately 2007 to November of 2015, Defendant NASSAR intentionally misrepresented to Plaintiff, JANE DOE AC, that his "medical treatments" were appropriate and/or medically necessary to treat Plaintiff JANE DOE AC's back and/or ankle pain and/or injuries, when Defendant NASSAR knew this not to be true.

390.    Defendant NASSAR intentionally used his reputation, prestige, renown, authority, and position to carry out his pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including Plaintiff, JANE DOE AC, including when these young women were minors.

391.    The aforementioned representations were false when they were made.

392.    The aforementioned false representations were made with knowledge of their falsity and/or with a reckless disregard for the whether injury would result.

393.    The aforementioned false representations were made with knowledge of their falsity by Defendant NASSAR for his personal sexual gratification, prurient interests, and/or personal financial gain.

120

394.   The aforementioned false representations were made with knowledge of their falsity by the Defendants, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, for personal and/or institutional financial gain.

395. The Defendants, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, knew that the aforementioned representations were false because they had actual and/or constructive notice and knowledge of the complaints against Defendant NASSAR in 1999, 2000, and 2014, at least.

396. Despite their knowledge, the Defendants, MICHIGAN STATE UNIVERSITY, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, agents, and/or representatives, continued to portray Defendant NASSAR as competent and safe physician to Plaintiff, JANE DOE AC, and to the public.

397.   Defendant NASSAR had and was continuing his pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including when these young women were minors.

398.   Plaintiff, JANE DOE AC, relied on the aforementioned representations when she sought medical treatment on the campus of Defendant, MICHIGAN STATE UNIVERSITY, from Defendant NASSAR.

399.   As set forth above, details set forth in the Affidavit of Ryan Pennel, Detective First Lieutenant with the Michigan State Police, attached as **Exhibit B**, demonstrate that Defendant STRAMPEL was fully aware of Defendant NASSAR's pattern, practice, scheme, and/or conduct to sexually assault, batter, molest, harass, stalk, and terrorize young women, including Plaintiff, JANE DOE AC, including when she was a minor child, under the guise of medical treatment.

400.   In fact, as alleged in the Affidavit of Ryan Pennel, a forensic examination of Defendant STRAMPEL's work computer uncovered "a video of Dr. Larry Nassar performing 'treatment' on a young female patient."  (See **Exhibit B**, Affidavit of Ryan Pennel, at 4)

401.   Further, upon information and belief, "someone" attempted to "delete" some of the sexually explicit material from Defendant STRAMPEL's work computer.  (See **Exhibit B**, Affidavit of Ryan Pennel, at 4)

402.   The efforts to "delete" sexually explicit material from Defendant STRAMPEL's work computer demonstrates intentional and fraudulent conduct made in an effort to continue to conceal the rampant sexual assault and harassment on the campus of Defendant, MICHIGAN STATE UNIVERSITY.

403.   Upon information and belief, the aforementioned fraud, fraudulent concealment, and/or intentional misrepresentations of Defendant NASSAR occurred every day from approximately 1996 to September of 2016.

404.   Upon information and belief, the aforementioned fraud, fraudulent concealment, and/or intentional misrepresentations of the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE,, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, occurred every day following the first complaints they received about Defendant NASSAR's conduct until, at least, January 19, 2018, when the Defendant, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, upon and information and belief, finally requested the Michigan Department of Attorney General to investigate the allegations against Defendant NASSAR that had taken place on the campus of Defendant, MICHIGAN STATE UNIVERSITY, for two decades.  (See **Exhibit B**, Affidavit in Support of Complaint of Ryan Pennel, at 1)

405.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

406.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE,

NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

**COUNT XXI – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT AGAINST DEFENDANTS MICHIGAN STATE UNIVERSITY AND MSU SportsMEDICINE**

407.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

408.   The Michigan Consumer Protection Act ("MCPA"), MCL 445.901, et seq., prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce[.]"  MCL 445.903.

409.   The definition of "trade or commerce" in the MCPA includes "the conduct of a business providing…service primarily for personal…purposes and includes the advertising, solicitation, offering for sale or rent, sale, lease, or distribution of a service…"  MCL 445.902.

410.  The Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, profited from Defendant NASSAR's work as a physician.

411.   The Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, were engaged in "trade or commerce" regulated by the MCPA at all pertinent times hereto.

412.   On its website, Defendant, MSU SportsMEDICINE, markets itself and holds itself out to the public as providing "quality care to…the mid-Michigan area."   MSU SportsMEDICINE, mse.edu, (April 6, 2018) *available at* http://sportsmed.msu.edu/.

413.   Further, the website of Defendant, MSU SportsMEDICINE, states as follows:

We are MSU SportsMEDICINE.  **For over twenty years we have provided quality health care to MSU athletes and the mid-Michigan area.  We are the unquestioned leader in providing non-operative and operative care to athletes and sport participants of all ages.  Evaluation and diagnostic services are provided by the experienced staff physicians, physician assistants, and support staff.**  Utilization of athletic training services within the clinic and with local physical therapists, allows athletic participants an aggressive and comprehensive approach to return to sports and the performing arts.

Comprehensive care of the injured athlete and active participant is the primary focus of MSU SportsMEDICINE.  The staff of primary care and orthopedic specialists at MSU SportsMEDICINE work closely with primary care providers in the mid-Michigan area offering a referral opportunity to better serve the active recreational athletes regarding their injuries.  Utilizing a full spectrum of ancillary health care providers within MSU and throughout the community, MSU SportsMEDICINE has taken the approach to treating the whole athlete as opposed to any of its parts. Sports psychiatry, nutrition, biomechanical analysis, manual medicine techniques, stress testing and body fat determinations are just a few of the avenues the sports

medicine staff will utilize to enhance an athletes performance and also return them to play.

See *id* (emphasis added).

414.   According to the Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, for the "past twenty years," which includes the duration of Defendant NASSAR's and Defendant STRAMPEL's employment, Defendant, MSU SportsMEDICINE, has been the **"unquestioned leader** in providing non-operative and operative care to **athletes and sport participants** <u>**of**</u> <u>**all ages**</u>**."**  See *id* (emphasis added).

415.   Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, are currently advertising its services to the general public with "[u]nfair, unconscionable, or deceptive methods, acts, or practices," in violation of the MCPA.

416.   Upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, were advertising its services online to Plaintiff, JANE DOE AC, and the general public using the same and/or similar "[u]nfair, unconscionable, or deceptive methods, acts, or practices," at all pertinent times hereto.

417.   Upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, were advertising its services to Plaintiff, JANE DOE AC, and the general public using the same and/or similar

"[u]nfair, unconscionable, or deceptive methods, acts, or practices," at all pertinent times hereto.

418.   The statements of Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, set forth above were and are knowingly "unfair, unconscionable, [and/or] deceptive," in violation of the MCPA in light of the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women, including Plaintiff, JANE DOE AC, including when these young women were minors, under the guise of medical treatment on the campus of Defendant, MICHIGAN STATE UNIVERSITY, and at the offices of Defendant, MSU SportsMEDICINE.

419.   Plaintiff, JANE DOE AC, reasonably relied on the advertising and/or reputation of the Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE.

420.   The conduct of the Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, was extreme, outrageous, intentional, and reckless and carried out with intent to commit said extreme, outrageous, intentional, and reckless conduct and/or with reckless disregard for the health, safety, or wellbeing of Plaintiff, JANE DOE AC, or the public in general and/or which was so reckless as to demonstrate a substantial lack of concern for whether an injury would result.

421. The conduct of the Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, and/or their employees, agents, and/or representatives, demonstrates intent to deceive Plaintiff, JANE DOE AC, and the public in general.

422. Pursuant to the MCPA, in addition to declaratory and/or injunctive relief, a person who suffers loss as a result of a violation of the MCPA is entitled to recover actual damages and reasonable attorney fees. See MCL 445.911.

423. For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

424. As a direct and proximate result of the conduct of the Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of

earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against Defendants, MICHIGAN STATE UNIVERSITY and MSU SportsMEDICINE, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and statutory attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

## COUNT XXII – CONCERT OF ACTION
## AGAINST ALL DEFENDANTS

425.   Plaintiff, JANE DOE AC, hereby restates, realleges, and incorporates by reference paragraphs 1 through 431, as though fully set forth herein.

426.   Upon information and belief, all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, acted tortuously and/or in a grossly negligent manner, as set forth herein, and in accord with a common understanding or design.

427.   Upon information and belief, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE

UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, knew of, should have known of, and/or demonstrated deliberate indifference towards the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

428.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, had a duty to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors.

429.   The Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, failed to report and/or prevent the pattern, practice, scheme, and/or conduct of Defendant NASSAR to sexually assault, batter, molest, harass, stalk, and terrorize young women such as Plaintiff, JANE DOE AC, including when these young women were minors, demonstrating conduct so

reckless as to demonstrate a substantial lack of concern for whether an injury results, as well as demonstrating deliberate indifference, negligence, and gross negligence.

430.   For the reasons set forth herein, the Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, and/or their employees, representatives, and/or agents, are not entitled to governmental immunity.

431.   As a direct and proximate result of the conduct of all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, Plaintiff, JANE DOE, AC suffered personal injury, physical trauma and distress, emotional trauma and distress, the physical manifestation of emotional distress and/or personal injury, including but not limited to eating disorders, weight loss, weight gain, difficulty sleeping, depression, anxiety, irregular menstrual cycles, digestive distress, shock, embarrassment, humiliation, loss of self-esteem, disgrace, loss of earnings and/or earning capacity, and loss of enjoyment of life, as well as feelings of being terrorized, frightened, intimidated, threatened, harassed, and molested.

WHEREFORE, Plaintiff, JANE DOE AC, respectfully requests judgment against all Defendants, MICHIGAN STATE UNIVERSITY, THE BOARD OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, MSU SportsMEDICINE, NASSAR, STRAMPEL, KOVAN, and SIMON, jointly and severally, in an amount in excess of $75,000 in actual damages, in addition to an award of exemplary damages and/or treble damages, compensatory damages, special damages, punitive damages, costs, interest, and attorney fees to which the Plaintiff is entitled, as well as any and all equitable damages available at law, including, but not limited to, declaratory and/or injunctive relief.

Respectfully submitted,

VANDEVEER GARZIA, P.C.

*s/ David Q. Houbeck*

By:_____
DAVID Q. HOUBECK  (P77002)
Attorney for Plaintiff
840 West Long Lake Road, Suite 600
Troy, MI  48098
(248) 312-2800 – phone
(248) 879-0042 – facsimile
dhoubeck@vgpclaw.com

DATED:     April 6, 2018

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, JANE DOE AC, by and through her attorneys,

VANDEVEER GARZIA, P.C., and hereby demands a trial by jury in said cause.


Respectfully submitted,

VANDEVEER GARZIA, P.C.

*s/ David Q. Houbeck*

By:_____

DAVID Q. HOUBECK  (P77002)
Attorney for Plaintiff
840 West Long Lake Road, Suite 600
Troy, MI  48098
(248) 312-2800
dhoubeck@vgpclaw.com

DATED:     April 6, 2018

Case 1:18-cv-00385-GJQ-ESC   ECF No. 1 filed 04/06/18   PageID.135   Page 135 of 146
Case 1:17-cv-00029-GJQ-ESC   ECF No. 182-1 filed 01/19/18   PageID.7116   Page 125 of 223
Case 1:17-cv-00029-GJQ-ESC   ECF No. 140-1 filed 08/15/17   PageID.5349   Page 2 of 2

**From:** William Strampel
**Sent:** Wednesday, July 30, 2014 9:28 AM
**To:** Larry Nassar
**Subject:** RE: My situation

Larry,

Thanks and as per our conversation yesterday I am glad we have agreed to the following:

1) We will have another person, (resident, nurse, etc) in the room whenever we are approaching a patient to preform procedures of anything close to a sensitive area.
2) The procedure which caused the patient emotional distress because of her interpretation will be modified in the future to be sure that there is little to no skin to skin contact when in these regions. Should this be absolutely necessary, the procedure will be explained in detail with another person in the room for both the explanation and the procedure.
3) New people in our practice will be oriented to be sure they understand these requirements.

I am happy this has resolved to some extend and I am happy to have you back in full practice.

Bill

| STATE OF MICHIGAN<br>54B JUDICIAL DISTRICT<br>30TH JUDICIAL CIRCUIT | | **COMPLAINT<br>FELONY** | DISTRICT:<br>CIRCUIT: 18-0472 FY<br>CTN: 96-18900380-01<br>MSP #: |
|---|---|---|---|
| District Court ORI: MI330065J | | Circuit Court ORI: MI330055J | AG ORI: MI820025A |

| THE PEOPLE OF THE STATE OF MICHIGAN | | | Victim or complainant:<br>STATE OF MICHIGAN |
|---|---|---|---|
| v | | | |
| **WILLIAM DERKLEY STRAMPEL<br>111 WINDY RUSH LANE<br>DEWITT, MI 48820** | | | Complaining Witness<br>D/F/LT RYAN PENNELL |
| Co-defendant(s) | | | Date: On or about<br>2012 through 2018 |
| City/Twp./Village<br>City of East Lansing | County in Michigan<br>Ingham | Defendant SID | Defendant DOB<br>02/08/1948 |
| Charge(s)<br>See Below | | | Maximum Penalty<br>See Below |

STATE OF MICHIGAN, COUNTY OF INGHAM
The complaining witness says that on the above date and in East Lansing, the defendant, contrary to law;

**COUNT 1: COMMON LAW OFFENSES**
did commit an indictable offense at common law, to wit: Misconduct of a Public Official; contrary to MCL 750.505. [750.505-C]
FELONY: 5 Years and/or $10,000.00

**COUNT 2: CRIMINAL SEXUAL CONDUCT - FOURTH DEGREE (FORCE OR COERCION)**
did engage in sexual contact with another person, to-wit: V-2, using force or coercion to accomplish the sexual contact; contrary to MCL 750.520e(1)(b). [750.520E1A]
**SORA NOTICE**
    This is a Tier I offense under the Sex Offender Registration Act (SORA) if the victim is 18 years or older. It is a Tier II offense if the defendant has a prior conviction for a Tier I offense. MCL 28.722(s). It is a Tier II offense if the victim was between the ages of 13 to 17, inclusive. MCL 28.722(u)(ix). It is a Tier III offense if the victim was under 13 and the defendant was 17 or older. MCL 28.722(w)(vi). It is a Tier III offense if if the defendant has a prior conviction for a Tier II offense. MCL 28.722(v).
**HIV/STD TESTING NOTICE**
    Take notice that pursuant to MCL 333.5129, upon bindover to circuit court or recorder's court, the district court judge shall order the defendant to be tested for sexually transmitted infection, hepatitis B infection, and for the presence of HIV or an antibody to HIV if the judge determines there is reason to believe the violation involved sexual penetration or exposure to a body fluid of the defendant. If the district judge determines that testing is not required, upon conviction, the court must order the defendant to be tested.
HIGH COURT MISDEMEANOR: 2 Years and/or $500.00; Mandatory HIV/STD testing; DNA to be taken upon arrest.

**COUNT 3: PUBLIC OFFICER - WILFUL NEGLECT OF DUTY**
did, willfully neglect to develop and maintain the Michigan State University College of Osteopathic Medicine, a duty enjoined upon him by MCL 390.661; contrary to MCL 750.478, by allowing Larry Nassar, D.O., whom the defendant had supervisory duties over, to continue to see patients after receiving a Title IX complaint alleging sexual misconduct by Nassar and before the Title IX investigation was completed. [750.478]
MISDEMEANOR: 1 Year and/or $1,000.00

**COUNT 4: PUBLIC OFFICER - WILFUL NEGLECT OF DUTY**
did, willfully neglect to develop and maintain the Michigan State University College of Osteopathic Medicine, a duty enjoined upon him by MCL 390.661; contrary to MCL 750.478, by failing to enforce protocols upon Larry Nassar, including but not limited to, the use of surgical gloves during examinations and procedures involving

patients, acquiring informed consent from patients prior to any examinations or procedures, and attendance by another employee in the examination room with Nassar and patients during examinations and procedures. [750.478]
MISDEMEANOR: 1 Year and/or $1,000.00

Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples.

The complaining witness asks that defendant be apprehended and dealt with according to law.

| | |
|---|---|
| Warrant authorized on _____03/27/2018_____ by: | Complaining witness signature |
| | Subscribed and sworn to before me on _____MAR 2 7 2018_____ Date |
| | Judge/Magistrate/Clerk                 P-26513 Bar no. |
| William Forsyth (P23770) Special Assistant Attorney General Michigan Department of Attorney General 525 W. Ottawa Street P.O. Box 30212 Lansing, MI 48909 517-373-1110 | |
| ☐ Security for costs posted | |

| **State of Michigan**<br>54B Judicial District<br>30TH Judicial Circuit | **AFFIDAVIT**<br>**IN SUPPORT OF COMPLAINT** | **Case No:** 18-0472 FY<br>District:<br>Circuit: |
|---|---|---|

**THE COMPLAINING WITNESS, ON INFORMATION AND BELIEF, SAYS:**

1.  I, Affiant, RYAN PENNELL, am a Detective First Lieutenant with the Michigan State Police (MSP). I have over 17 years' experience in law enforcement and criminal investigations. My job duties include the investigation of criminal activity as assigned by MSP.

2.  In the regular course of my duties I, along with several Michigan Department of Attorney General (AG) investigators and MSP detective sergeants, am involved with the AG's investigation into the circumstances surrounding the sexual assaults committed by Larry Nassar on the Michigan State University (MSU) campus (MSU Investigation).

3.  On January 19, 2018, the MSU Board of Trustees (Board) asked the AG to investigate the circumstances surrounding the criminal conduct of Nassar. Nassar pled guilty to several counts of criminal sexual conduct in the first degree in this County and in Eaton County for conduct occurring over the course of several years at MSU, much of which occurred on MSU's campus from the mid-1990s until 2016.

4.  William Strampel is the former Dean of the MSU College of Osteopathic Medicine (the College). He held that position from 2002 to 2018.

5.  The office of Dean of the College is created by statute. MCL 390.661. That provision establishes a state school of osteopathic medicine and provides that "[t]he school must be headed by an osteopathic physician serving as the dean of the school of osteopathic medicine." MCL 390.661. It further states that "[t]he dean shall be responsible for the *development and maintenance* of the school in osteopathic medicine." *Id.* (emphasis added).

6.  As Dean, Strampel occupied a statutorily created public office, exercising the sovereign power of the State to maintain the College and to educate the citizenry. See MCL 390.661.

## MISCONDUCT IN OFFICE &
## CRIMINAL SEXUAL CONDUCT, FOURTH-DEGREE

7.   Victim 1 (V-1), a medical student at the College, met with Dean Strampel on June 29, 2017, to discuss appealing a test score she received on an exam that is necessary to complete medical school.

8.   During this meeting, Strampel told V-1 that she would not perform well enough to continue in medical school and denied her appeal.  Strampel then spoke about his working with 20-to-30-year-olds and said that some of his friends had sexual relations with young women that age.  According to V-1, who was 26 years old at the time, Strampel then suggested that 26-year-old women can "put-out" for 20 minutes with an old man, after which he would fall asleep, and in return the women could get the benefit of a free vacation.  V-1 felt intimidated, not only by the sexual nature of the conversation, but by the fact that Strampel had begun referring specifically to 26-year-olds, women her very age.

9.   During that meeting, Strampel also commented without prompting on the difficulty of sending nude photos.  He told V-1 that if he ever caught her taking nude photographs, she would be in trouble.  V-1 interpreted these statements as a request to send him nude photographs in exchange for special consideration with respect to her education at the College.

10.  Victim 2 (V-2), another student at the College, began her studies in 2011. That year, she was summoned by Strampel to meet with him after falling asleep during a class.  V-2 went to his office.  Strampel directed her to a chair but told her not to sit. He instructed her to turn around in a circle twice so that he could observe her body.

11.  According to V-2, Strampel then went on a rant, degrading her appearance and telling her she needed to dress like a woman, clarifying that she was never going to make it in the profession if she did not dress sexier.  According to V-2 this type of harassing ridicule continued for about an hour.  The purported reason for the meeting never came up.

12.  The following year, V-2 wanted to discuss an exam and was again summoned to Strampel's office.  V-2 declined a one-on-one meeting based on her last experience, opting instead to attend a group counseling session hosted by Strampel.  During that meeting, Strampel told the group, "I hold your entire future in my hand and I can do whatever I want with it."

13.  In 2013, her third year of medical school, V-2 again met with Strampel, this time to address complaints she had about her surgical residency at a local hospital.  Once again, as soon as she entered his office, he directed her to slowly turn around twice so he could look at her body.  Strampel advised her that she needed to learn her place in life and asked her, "what do I have to do to teach you to be submissive and subordinate to men?"

14. Strampel threatened her not to say a word about her residency complaints and that if she did, she would be left with a lot of burdensome debt and no medical degree. He reminded V-2 that he had a number of connections not only at MSU but around the country, and that he could run her out of the College and bar her from working in the medical field.

15. In 2014, her fourth year of medical school, V-2 received a scholarship and attended a special dinner to honor the recipients. The event was held at the University Club on MSU's golf course, and Strampel attended as part of his duties as Dean. During the event, she was called up to get her picture taken with the donor of the scholarship fund and Strampel. As she stood next to Strampel waiting for the picture to be taken, Strampel reached around and grabbed V-2's left buttock and gripped it firmly.

16. A few months later, Strampel approached V-2 at a luncheon and slowly looked her up and down from her face to her crotch, finally focusing on her chest. V-2 felt uncomfortable and asked him to instead look at her face. He responded, "eye candy is eye candy."

17. Victim 3 (V-3), a medical student at the College, met with Strampel in 2014 to discuss an exam. When she walked into his office, Strampel scanned her body up and down several times, making her feel uncomfortable. V-3 asked Strampel for permission to retake the exam. Strampel responded that he does not make exceptions for anyone but would do so in her case if she signed a contract agreeing she would leave the College if she failed anything going forward.

18. V-3 retook the exam and, when she fell one point short of a passing grade, was required to meet with Strampel again. He reminded V-3 about their contract and asked what her "Plan B" was since she could not cut it in medical school. He suggested that she become a centerfold model, telling her about another female medical student who became a stripper to pay for medical school.

19. On the subject of her test performance, Strampel agreed to do what he called a "favor" and let her take the exam a third time. In return, Strampel said, V-3 would be required to do anything for him. If he called on the weekend and told her to come to his house, she would have to do it. If he asked her to come "weed the garden," she would have to do it. Given the context, V-3 understood that she was being asked to do anything he wanted sexually in exchange for the favor.

20. Victim 4 (V-4) endured similar experiences as Victims 1-3 and "was not surprised Nassar had been able to victimize so many women under the supervision of Strampel." Early in her medical school career in either 2006 or 2007, V-4 had a conversation with Strampel while working at a local flu clinic. Strampel turned the conversation to the subject of drinking and how "it was good when women were drunk, because then it was easy to have sex with them."

21. In February 2010, V-4 attended the College's annual Ball at the Henry Hotel in Dearborn, Michigan. During the event, V-4 was standing near the dance floor when

Strampel approached her from behind and grabbed her right buttock. V-4 was taken by surprise and turned to look who it was. When she saw that it was Strampel, she was "in complete shock, like a deer in the headlights, and did not know what to say." She did not know what to do since Strampel was the Dean of her medical school and "had complete control of her medical career." She told her boyfriend about the incident but decided not to report it because she "did not want to be thrown out of medical school."

22. On February 2, 2018, pursuant to a search warrant, special agent investigators from the Department of Attorney General retrieved a computer from Strampel's office located in Fee Hall on MSU's campus. On February 15, 2018, special agents submitted the computer to the AG's Criminal Division for expert forensic examination.

23. That forensic examination uncovered approximately 50 photos of bare vaginas, nude and semi-nude women, sex toys, and pornography. Many of these photos are of what appear to be "selfies" of female MSU students, as evidenced by the MSU clothing and piercings featured in multiple photos. Forensic examination shows that someone attempted to delete some of the photos contained in a file folder on the computer's hard drive.

24. Also uncovered on Strampel's work computer were pornographic videos and a video of Dr. Larry Nassar performing "treatment" on a young female patient.

25. One of these pornographic videos was accessed using the Microsoft Outlook email program. The video, which appears to have been created on an Apple iPhone 5 on October 31, 2013, depicts a female masturbating at a very close perspective.

26. Strampel's receipt and possession of this graphic material was in violation of the Acceptable Use Policy for MSU Information Technology Resources, which prohibits users from "utiliz[ing] MSU IT resources to store, display, or disseminate pornographic or other sexually explicit content." See MSU Acceptable Use Policy § 3.10.1.

27. As described above in Paragraph 9, Strampel has solicited nude photos from at least one female medical student.

28. As Dean of the College, Strampel used his office to harass, discriminate, demean, sexually proposition, and sexually assault female students in violation of his statutory duty as a public officer. See MCL 390.661; Const 1963, art VIII, § 1.

29. As Dean of the College, Strampel abused the authority of his public office, through threats and manipulation, to solicit, receive, and possess pornographic images of women who appear to be MSU students in violation of his statutory duty as a public officer. See MCL 390.661; Const 1963, art VIII, § 1.

## NEGLECT OF DUTY

30.  Strampel has direct supervisory authority over the MSU Sports Medicine Clinic, a component of the College of Osteopathic Medicine. Dr. Larry Nassar was a faculty member of the College and clinician in the MSU Sports Medicine Clinic.

31.  In April 2014, a female patient made a report that Dr. Larry Nassar engaged in inappropriate sexual conduct during a treatment session at his MSU Office. The MSU Office of Inclusion and Intercultural Initiatives (OIE) opened a Title IX investigation into the complaint.

32.  As Dean, Strampel prohibited Nassar from seeing patients during the pendency of the Title IX investigation.

33.  However, on June 30, 2014, nearly one month before the OIE concluded its investigation and sent its final report to Nassar and the complainant, Nassar emailed Strampel stating his intention that "unless I am told otherwise I believe I am allowed to start back in the clinic tomorrow." Strampel authorized Nassar to begin seeing patients, responding, "if you do have a patient scheduled, please be sure you have someone in the room with you at all times until the report is finished."

34.  On July 28, 2014, OIE emailed a final Title IX report to Strampel, Nassar, and the complainant. In the version sent to Strampel and Nassar, the report concluded that:

   - "[T]he failure to adequately explain procedures such as these invasive, sensitive procedures, is opening the practice up to liability and is exposing patients to unnecessary trauma based on the possibility of perceived inappropriate sexual misconduct";

   - "[T]he failure to obtain consent from patients prior to the procedure is likewise exposing the practice to liability";

   - "If procedures can be performed skin-on-skin or over clothes in the breast or pelvic floor area, it would seem patients should have the choice between the two"; and

   - "[T]he practice should consider whether its procedure for intake of complaints about physicians' behavior is adequate," as the victim reported that "she tried to file a complaint with the front desk receptionist, telling her that she was cancelling her appointment because she felt "violated."

35.  Following the Title IX report, Strampel purported to implement treatment protocols for Dr. Larry Nassar designed to protect patients and to prevent future allegations against the College. He did so in the exercise of his statutory duty to "develop[] and maintain[]" the College.

36. On July 30, 2014, Strampel emailed Nassar confirming the protocols he was to take when treating patients in the future, writing:

> Thanks and as per our conversation yesterday I am glad we have agreed to the following:
>
> 1) We will have another person, (resident, nurse, etc) in the room whenever we are approaching a patient to preform [sic] procedures of anything close to a sensitive area.
>
> 2) The procedure which caused the patient emotional distress because of her interpretation will be modified in the future to be sure that there is little to no skin to skin contact when in these regions. Should this be absolutely necessary, the procedure will be explained in detail with another person in the room for both the explanation and procedure.
>
> 3) New people in our practice will be oriented to be sure they understand these requirements.

37. Pursuant to his statutory oversight duties as Dean, on July 30, 2014, Strampel forwarded his email to Kristine Moore of the Title IX Office, indicating that the College would enforce such protocols on Nassar.

38. Despite his representation of his (and the College's) intended response to the allegations against Nassar, Strampel did not actually enforce or monitor these protocols, nor did he alert other employees in the Sports Medicine Clinic about the existence of the protocols, let alone order that they be followed with respect to Nassar.

39. Missing from the protocols he purported to implement were any changes relating to how the College's clinic handles complaints of inappropriate treatment. Strampel did not direct any changes to the clinic's policy regarding the handling of patient complaints.

40. After the Title IX investigation and his meeting with Strampel, Nassar continued "treating" numerous patients unchecked by the protocols supposedly put in place by Strampel to protect Nassar's patients. As a result, Nassar was able to commit a host of sexual assaults against new victims until, following news reports of additional allegations against Nassar, MSU finally terminated his employment over two years later.

Reviewed on: _3-26-18_

_William A. Forsyth_

William A. Forsyth, P23770
Special Counsel
525 W. Ottawa St.
Lansing, MI 48909

D/F/LT. RYAN PENNELL (Affiant)
Michigan State Police

Subscribed and Sworn before me on: **MAR 2 7 2018**

Date

Honorable _9-26517_

Judge/Magistrate – 54B District Court

| STATE OF MICHIGAN 54B JUDICIAL DISTRICT 30L JUDICIAL CIRCUIT | **WARRANT FELONY** | DISTRICT: CIRCUIT: CTN:  96-18900380-01 MSP #: |
|---|---|---|
| District Court ORI: MI330065J | Circuit Court ORI: MI330055J | AG ORI:  MI820025A |

THE PEOPLE OF THE STATE OF MICHIGAN

V

WILLIAM DERKLEY STRAMPEL
111 WINDY RUSH LANE
DEWITT, MI 48820

| Victim or complainant: |
|---|
| STATE OF MICHIGAN |
| Complaining Witness D/F/LT RYAN PENNELL |

| Height: | Weight: | Hair Color: | Eye Color: | Race: White | Sex: M | Date: On or about 2012 through 2018 |
|---|---|---|---|---|---|---|
| City/Twp./Village City of East Lansing | County in Michigan INGHAM | Defendant SID | | | | Defendant DOB 02/08/1948 |
| Charge(s) See Below | | | | | | Maximum Penalty See Below |

STATE OF MICHIGAN, COUNTY OF INGHAM
To any peace officer or court officer authorized to make arrest:  The complaining witness has filed a sworn complaint in this court stating:

**COUNT 1:   COMMON LAW OFFENSES**
did commit an indictable offense at common law, to wit: Misconduct of a Public Official; contrary to MCL 750.505.  [750.505-C]
FELONY:   5 Years and/or $10,000.00

**COUNT 2:   CRIMINAL SEXUAL CONDUCT - FOURTH DEGREE (FORCE OR COERCION)**
did engage in sexual contact with another person, to-wit: V-2, using force or coercion to accomplish the sexual contact; contrary to MCL 750.520e(1)(b). [750.520E1A]
**SORA NOTICE**
        This is a Tier I offense under the Sex Offender Registration Act (SORA) if the victim   is 18 years or older. It is a Tier II offense if the defendant has a prior conviction   for a Tier I offense.   MCL 28.722(s).   It is a Tier II offense if the victim was between the   ages of 13 to 17, inclusive.   MCL 28.722(u)(ix).   It is a Tier III offense if the victim was   under 13 and the defendant was 17 or older.   MCL 28.722(w)(vi).   It is a Tier III offense if  if the defendant has a prior conviction for a Tier II offense.   MCL 28.722(v).
**HIV/STD TESTING NOTICE**
        Take notice that pursuant to MCL 333.5129, upon bindover to circuit court or recorder's court, the district court judge shall order the defendant to be tested for sexually transmitted infection, hepatitis B infection, and for the presence of HIV or an antibody to HIV if the judge determines there is reason to believe the violation involved sexual penetration or exposure to a body fluid of the defendant.   If the district judge determines that testing is not required, upon conviction, the court must order the defendant to be tested.
HIGH COURT MISDEMEANOR:   2 Years and/or $500.00; Mandatory HIV/STD testing; DNA to be taken upon arrest.

**COUNT 3:   PUBLIC OFFICER - WILFUL NEGLECT OF DUTY**
did, willfully neglect to develop and maintain the Michigan State University College of Osteopathic Medicine, a duty enjoined upon him   by MCL 390.661; contrary to MCL 750.478, by allowing Larry Nassar, D.O., whom the defendant had supervisory duties over, to continue to see patients after receiving a Title IX complaint alleging sexual misconduct by Nassar and before the Title IX investigation was completed.   [750.478]
MISDEMEANOR: 1 Year and/or $1,000.00

**COUNT 4: PUBLIC OFFICER - WILFUL NEGLECT OF DUTY**
did, willfully neglect to develop and maintain the Michigan State University College of Osteopathic Medicine, a duty enjoined upon him by MCL 390.661; contrary to MCL 750.478, by failing to enforce protocols upon Larry Nassar, including but not limited to, the use of surgical gloves during examinations and procedures involving patients, acquiring informed consent from patients prior to any examinations or procedures, and attendance by another employee in the examination room with Nassar and patients during examinations and procedures. [750.478]
MISDEMEANOR: 1 Year and/or $1,000.00

Upon conviction of a felony or an attempted felony court shall order law enforcement to collect DNA identification profiling samples.

Upon examination of the complaining witness, I find that the offense(s) charged has/have been committed and that there is probable cause to believe that defendant committed the offense(s). THEREFORE, IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN, I order you to arrest and bring defendant before the 54B District Court immediately.

The defendant may be released before arraignment if $_____ is posted as interim bail

by_____.
   Date

_____   MAR 2 7 2018   _____   (SEAL)   _____   P-26513
Date                                                                Judge/Magistrate                        Bar no.