## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

RACHAEL DENHOLLANDER, *et al*.,

        Plaintiffs,

v.

MICHIGAN STATE UNIVERSITY, *et al*.,

        Defendants.

Case No. 1:17-cv-00029-GJQ-SJB

HON. GORDON J. QUIST

---

**UNOPPOSED STIPULATION OF PLAINTIFFS TO ESTABLISH QUALIFIED SETTLEMENT FUND AND APPOINT EPIQ AS QSF ADMINISTRATOR AND [Proposed] ORDER**

---

**THE PLAINTIFFS, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD HEREIN, HEREBY STIPULATE AS FOLLOWS:**

WHEREAS in *In re: USA Gymnastics*, in Case No. 18-09108-RLM-11, on December 13, 2021, a Modified Third Amended Joint Chapter 11 Plan of Reorganization (the "Chapter 11 Plan") as proposed and filed by debtor, USA Gymnastics ("Debtor"), and creditors, the Additional Tort Claimants Committee of Sexual Abuse Survivors (the "Survivors' Committee") with the United States Bankruptcy Court, S.D. Indiana, Indianapolis Division (the "Bankruptcy Court");

WHEREAS a term of the Chapter 11 Plan requires that a settlement trust be created between and among the Debtor, the Survivor's Committee, and the Settlement Trustee, the Honorable William L. Bettinelli (Retired) (the "Settlement Trustee"), which assumes all liability for certain channeled claims, including holders of Class 6 Classified Claims (the "Abuse Claims"), as more particularly described in Exhibit F to the Chapter 11 Plan (p. 104 of 186) (Doc. No. 1764) (the "USA Gymnastics Settlement Trust");

WHEREAS, Plaintiffs, by and through their respective counsel, are holders of Allowed

Abuse Claims,[1] having timely filed such claims against the Debtor and have received allocation awards through the stated allocation process from the USA Gymnastics Trust.

WHEREAS, after a detailed vetting process, the Plaintiffs have discussed, decided and stipulated to the creation of a qualified settlement fund ("QSF") within the meaning of 26 U.S.C. § 468B of the Internal Revenue Code of 1986, as amended (the "Code") and §§ 1.468B-1, et seq. of the Treasury Regulations, as amended (the "Regulations").

WHEREAS, Plaintiffs, as Allowed Abuse Claims, by and through counsel, request the appointment of The Garretson Resolution Group, Inc. d/b/a Epiq Mass Tort ("Epiq") whose principal place of business is located at 9144 Arrowpoint Blvd., Fourth Floor, Charlotte, NC 28273, www.epiqglobal.com, to serve as QSF Administrator, who will, in turn, establish and administer a QSF for the benefit of Plaintiffs and claimants who received allocations from the USAG Settlement Fund ("the Fund");

WHEREAS the Fund will receive settlement monies issued from the USA Gymnastics Trust to or for the benefit of Plaintiffs, as Allowed Abuse Claim holders;

WHEREAS, neither the Debtor nor the Settlement Trustee object to this Stipulation, as all parties recognize the inherent benefits of creating the Fund;

WHEREAS, the parties submit that the Fund will qualify as a "qualified settlement fund" under the Code and the Regulations because: (1) the Fund is being established subject to approval of this Court; (2) the Fund will be subject to the continuing jurisdiction and supervision of this Court; (3) the Fund is being established to resolve or satisfy claims of alleged tort or violation of law, which were channeled to the USA Gymnastics Trust; and, (4) the Fund assets will be

---

[1] Unless otherwise defined herein, capitalized terms have the same meaning as provided in the Chapter 11 Plan.

segregated from the general assets of the Debtor and the USA Gymnastics Trust and deposited therein.

WHEREAS, the distribution following the Allocation Protocol more particularly described in Exhibit H to the Chapter 11 Plan (p. 163 of 186, Doc. No. 1764) has yet to occur. Consequently, it is in the best interest of all parties for this Court to approve the establishment of the Fund as a vehicle to hold the settlement assets to be used to resolve or satisfy Plaintiffs' and other claimants' Class 6 Classified Claims (a/k/a as Abuse Claims), which were channeled to and payable through the USA Gymnastics Trust. The establishment of the Fund as a "qualified settlement fund" under the Code and Regulations, subject to the Court's continuing jurisdiction, is vital to the satisfaction of these objectives of the parties' settlement through the Chapter 11 Plan.

WHEREAS, the establishment of this qualified settlement fund herein shall be for the benefit of the 147 claimants represented by the undersigned law firms of Drew Cooper & Anding, Manly, Stewart & Finaldi, and White Law PLLC.

IT IS HEREBY STIPULATED BY AND BETWEEN THE PLAINTIFFS and requested that the Court authorize the establishment of the USAG Class 6 Settlement Fund, as a QSF in this matter and appoint Epiq, as QSF Administrator, to establish and administer this Fund pursuant to the Chapter 11 Plan, the terms of the USA Gymnastics Settlement Trust, the allocations following the Allocation Protocol from the Chapter 11 Plan, and the Proposed Order of this Court below.

Respectfully submitted,

Dated: July 11, 2022                          By:     */s/ Stephen R. Drew*
                                                      Stephen R. Drew (P24323)
                                                      Adam C. Sturdivant (P72285)
                                                      DREW, COOPER & ANDING
                                                      Attorneys for Plaintiffs
                                                      80 Ottawa Avenue NW, Suite 200
                                                      Grand Rapids, Michigan 49503
                                                      Phone: (616) 454-8300

3

E-mail: sdrew@dca-lawyers.com
E-mail: asturdivant@dca-lawyers.com

Dated: July 11, 2022                    By:    */s/ John C. Manly* (with permission)
                                               John C. Manly (CA 149080)
                                               Vince W. Finaldi (CA 238279)
                                               Alex E. Cunny (CA 291567)
                                               MANLY, STEWART & FINALDI
                                               Attorneys for Plaintiffs
                                               19100 Von Karman Avenue, Suite 800
                                               Irvine, California 92612
                                               Phone: (949) 252-9990
                                               E-mail: jmanly@manlystewart.com
                                               E-mail: vfinaldi@manlystewart.com
                                               E-mail: acunny@manlystewart.com

## UNITED STATES DISTRICT COURT
## <u>WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION</u>

RACHAEL DENHOLLANDER, *et al.*,

          Plaintiffs,

v.

MICHIGAN STATE UNIVERSITY, *et al.*,

          Defendants.

Case No. 1:17-cv-00029-GJQ-SJB

HON. GORDON J. QUIST

> **ORDER GRANTING UNOPPOSED STIPULATION OF PLAINTIFFS TO ESTABLISH QUALIFIED SETTLEMENT FUND AND APPOINT EPIQ AS QSF ADMINISTRATOR**

---

**THE COURT**, having read and considered the foregoing Stipulation of the settling Plaintiffs and their counsel, hereby sets forth and **ORDERS** as follows:

The settling Plaintiffs, having petitioned this Court to establish a Qualified Settlement Fund ("QSF"), having sought the Court's approval for release of certain claims, and the Court, having fully considered such request together with all matters of record herein, being fully advised, and finding good cause therefore, hereby **ORDERS** that:

1. The Garretson Resolution Group, Inc. d/b/a Epiq Mass Tort (Epiq) (the "Administrator"), whose office is located at 9144 Arrowpoint Blvd., Fourth Floor, Charlotte NC 28273, www.epiqglobal.com, shall serve as the QSF Administrator engaged in the above-captioned case, and shall establish a QSF entitled the "USAG Class 6 Settlement Fund" which fund shall be administered as a qualified settlement fund as described in § 468B of the Internal Revenue Code of 1986, as amended (the "Code") and United States Treasury Regulation § 1.468B-1 *et seq.* (the "Fund").

2. The Fund shall be administered by the Administrator under the terms of this Order and its engagement. The Court retains continuing jurisdiction over the Fund.

3.      The Fund shall be for the benefit of the 147 claimants represented by the undersigned law firms of Drew Cooper & Anding, Manly, Stewart & Finaldi, and White Law PLLC (See Plaintiffs' Motion to Reopen Case for the Limited Purpose of Establishing a Qualified Settlement Fund for Settlement Proceeds from USA Gymnastics Bankruptcy, PageID.37440-37451).

4.      The Fund is immediately authorized to receive payments from the USA Gymnastics Settlement Trust, and to distribute such payments to holders of Allowed Abuse Claims, subject to the continuing jurisdiction of this Court, and consistent with the terms of the Chapter 11 Plan in *In re: USA Gymnastics* filed with and approved by the Bankruptcy Court in Case No. 18009108-RLM-11, orders of this Court, and/or other approved disbursement instructions. The Administrator shall have no obligation to follow any directions set forth in any written instructions unless and until Administrator is satisfied, in its sole discretion, that the persons executing said written instructions are authorized to do so. Further the Administrator shall coordinate with the Settlement Trustee of the USA Gymnastics Settlement Trust to align payment processes between the Fund and that Trust to ensure payment efficiencies are created for the benefit of Plaintiffs, as holders of Approved Abuse Claims.

5.      The Fund shall always be treated as a "qualified settlement fund" within the meaning of §468B of the Code, and Treas. Reg. §§ 1.468B-1 through 1.468B-5, 26 C.F.R. §§ 1.468B-1 through 1.468B-5 (1992) and shall be administered in accordance with the requirements of those Treasury Regulations. The parties shall treat the Fund as a qualified settlement fund for all reporting purposes under the federal tax laws. It shall be the responsibility of the Administrator to prepare and deliver any necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. All expenses associated with compliance with

this provision shall be paid from the Fund. The Administrator shall be the "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3). Consequently, the responsibility for the filing of all informational and other tax returns necessary or advisable with respect to the Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)) is the Administrator's. Such returns shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned on the Fund shall be paid out of the Fund.

6.     The Administrator is authorized to: (a) distribute attorneys' fees and litigation expenses to counsel, consistent with existing contingency fee contracts or orders of the Court and including the use of settlements with periodic payments for the benefit and convenience of the Plaintiffs; (b) to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee; and, (c) to sign any necessary documents to effectuate this Paragraph 5 on behalf of, and for the convenience of, any or all of the Plaintiffs, who are also claimants to the Fund by reason of their status as holders of Allowed Abuse Claims via the USA Gymnastics Settlement Trust and pursuant to the terms of the Chapter 11 Plan, as appropriate.

7.     No bond is required, provided that all assets received by the Fund, which includes all principal and interest earned thereon, shall be deposited in an agency or other accounts held in custody at Huntington National Bank (the "Bank") for the benefit of and titled in the legal name of the Fund and invested in instruments/securities comprised of: (a) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments); (b) cash equivalent securities including SEC registered money market funds and/or collateralized money market accounts; and/or (c) deposit and similar interest-bearing, or non-interest bearing accounts subject to Federal Depository Insurance Corporation protections

3

as available. The Fund shall be held at the Bank according to these terms and conditions, and the

Bank shall be responsible for all investment-related decisions, following the instructions of the

Administrator and/or its investment advisor pursuant to these terms and conditions such that a

principal preservation driven investment policy is implemented. Notwithstanding the foregoing,

the Bank is not allowed to distribute any income or principal from the Fund except upon written

instructions of the Administrator, or, if requested, upon the order of this Court. The Administrator

shall have the right to remove the Bank with or without cause, in its sole and absolute discretion.

The Administrator may designate a replacement bank upon the written consent of the Plaintiffs,

by and through counsel identified below, with such replacement bank being required to have at

least $1,000,000,000.00 in consolidated assets and meet the Administrator's healthy bank criteria,

which includes evidence the bank is well-capitalized. In the event of such replacement, this Order

shall apply to any such replacement bank.

8.     Until such time as the Administrator distributes assets from the Fund to satisfy

Plaintiffs' claims, the settlement assets shall remain the sole property of the Fund, and as such, no

Plaintiff shall possess any right to demand or receive a portion of those assets, or to mortgage,

pledge or encumber any of the Fund's assets.

9.     The Administrator is authorized, upon final distribution of all monies paid into the

Fund, to take appropriate steps to wind down the Fund, and thereafter the Administrator will be

discharged from any further responsibility with respect to the Fund, with any reports issued to the

Court upon request.

**IT IS SO ORDERED.**

Dated: July __, 2022          By:     _____

GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

4

**SO STIPULATED:**

Dated: July 11, 2022

*/s/ Stephen R. Drew*
  Stephen R. Drew (P24323)
  Drew Cooper & Anding
  80 Ottawa Ave., NW, Ste. 200
  Grand Rapids, MI 49503
  (616) 454-8300

  */s/ John Manly* (with permission)
  John Manly
  Manly, Stewart & Finaldi
  19100 Von Karman Ave., Ste. 800
  Irvine, CA 92612
  (949) 252-9990

  *Attorneys for Plaintiffs*
  Lead Case No.:
  1:17-cv-00029-GJQ-SJB

  Member Case Nos.:
  1:18-cv-01055-GJQ-SJB
  1:18-cv-01346-GJQ-SJB

  */s/James White* (with permission)
  James White (P56946)
  White Law PLLC
  2459 Jolly Rd., Ste. 340
  Okemos, MI 48864
  (517) 316-1195

  *Attorney for Plaintiffs*
  Member Case Nos.:
  1:17-cv-00257-GJQ-SJB
  1:18-cv-01052-GJQ-SJB
  1:18-cv-01059-GJQ-SJB
  1:18-cv-01348-GJQ-SJB

5

**APPROVED AS TO FORM:**

*/s/ Rebecca L. Strauss* (with permission)
Rebecca L. Strauss (P64796)
MILLER JOHNSON
45 Ottawa Avenue SW, Suite 1100
P.O. Box 306
Grand Rapids, Michigan 49501-0306

*Attorneys for Defendants USA Gymnastics*

*/s/ Cameron R. Getto* (with permission)
Cameron R. Getto (P57300)
ZAUSMER, AUGUST & CALDWELL P.C.
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111

*Attorney for Defendants Twistars USA Inc.,*
*John Geddert, and Kathryn Geddert*

*/s/ John R. Oostema* (with permission)
E. Thomas McCarthy, Jr. (P28714)
John R. Oostema (P26891)
SMITH HAUGHEY RICE & ROEGGE
100 Monroe Center NW
Grand Rapids, MI 49503-2802
616-774-8000

*Attorney for Defendant United States Olympic*
*and Paralympic Committee*

6

## <u>CERTIFICATE OF SERVICE</u>

The foregoing document was filed electronically on the 11th day of July, 2022 in accordance with this Court's ECF system. Notice of this filing will be sent to all parties by operation of this Court's ECF system, including the Settlement Trustee.

Dated: July 11, 2022                  By:    */s/ Stephen R. Drew*
                                                      Stephen R. Drew (P24323)
                                                      Adam C. Sturdivant (P72285)
                                                      DREW, COOPER & ANDING
                                                      Attorneys for Plaintiffs
                                                      80 Ottawa Avenue NW, Suite 200
                                                      Grand Rapids, Michigan 49503
                                                      Phone: (616) 454-8300
                                                      E-mail: sdrew@dca-lawyers.com
                                                      E-mail: asturdivant@dca-lawyers.com